ANNA CLANCY *et al.* Appellants, *vs.* J. E. CLANCY *et al.*
Appellees.

*Opinion filed April 19, 1911—Rehearing denied June 8, 1911.*

1. WILLS—*rule where the description of property is only partly true.* Where the description of property intended to be devised by a will is true in part and false in part, the devise may be sustained if, by eliminating the false description enough remains to identify the subject of the devise, but nothing can be substituted in place of the description stricken out.

2. SAME—*when misdescription cannot be aided.* Where a testator owning the south-east quarter of the north-west quarter of a certain section, but owning no land in the north-east quarter, devises the "south one-half of the west one-half of the north-east quarter" of said section, the description cannot be aided, without reforming the will, to make it apply to the land owned in the north-west quarter of said section.

3. SAME—*when devise may be sustained in part.* Where a testator owns the north one-half of the west one-half of a certain quarter section and the whole of the east one-half of said quarter section, his devise of the "west one-half and north one-half of the east one-half" of said quarter section will be upheld as devising the forty acres which he owned in the west one-half of said quarter and also the north one-half of the east one-half of said quarter, but the south one-half of the east one-half of said quarter must be held to be intestate property.

APPEAL from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding.

SCHAEFER & DOLAN, for appellants.

H. I. GREEN, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a bill in chancery filed by appellants, the widow and four minor children of Thomas Clancy, deceased, who died testate October 29, 1909, leaving the appellant Anna Clancy, his widow, and the other appellants, Agnes, Margaret, Annie and Alice Clancy, his minor children. The

widow was the second wife of the testator and the four minor children mentioned were his children by her. The executor of the will was also a party complainant. Seven children by a former marriage, all adults, survived the testator and they were made defendants to the bill. The bill alleged there were latent ambiguities in the will, and that it was necessary for the court to construe it so that its true intent and meaning might be ascertained and the will and intention of the testator given effect.

At the time of his death Thomas Clancy owned a home, where he resided, in the city of Champaign, personal property worth about $2000 and a farm of one hundred and sixty acres in Champaign county. By the first clause of his will he gave his wife all his personal property and the homestead in the city of Champaign in fee simple. The second and third clauses of the will are as follows:

"*Second*—I also will to my wife, Anna Clancy, the use of the following described property for the term of thirteen years: The south one-half of the west one-half of the north-east quarter of section four (4), also the west one-half and north one-half of the east one-half of southwest quarter of section four (4), all in township eighteen (18), range eight (8), east of the third principal meridian, in Champaign county, Illinois, she to pay all taxes and assessments that may be levied against said land as the same become due, she to have all the remainder for her and the minor children's support.

"*Third*—After the said thirteen years have expired, I will that the executor of this my last will and testament shall sell the above described land, and after paying all costs and any other claims against my estate the remainder to be divided as follows: To my daughter Mary Ann Doney $800; to my son J. E. Clancy $800; to my son John P. Clancy $800; to my son M. F. Clancy $800; to my daughter Elizabeth Brennen $800; to my daughter Lena Shikes $800; to my son Thomas Clancy $800. The

remainder I will to my wife, Anna Clancy, to have during her lifetime; after her death it shall be divided as follows: To my daughter Agnes Clancy one-fourth; to my daughter Margaret Clancy one-fourth; to my daughter Annie Clancy one-fourth, and to my daughter Alice Clancy one-fourth. Should either of the last named four children die before receiving their part of said estate, then their part to be equally divided between the survivors of the four younger children."

The bill avers Thomas Clancy owned the south-east quarter of the north-west quarter, the east one-half of the south-west quarter and the north-west quarter of the south-west quarter of section 4, township 18; alleges he intended by his will to devise it all to his wife for thirteen years for the support of herself and four children until the youngest should become of age, and at the end of said period of thirteen years all of it was to be sold by the executor, and after deducting the amount of the debts against the estate, and costs, the proceeds were to be divided as specified in the will. Defendants, appellees here, answered the bill, denying that it appeared from the will the testator intended to dispose of the whole one hundred and sixty acres, as alleged in complainants' bill; denying there was any latent ambiguity in said will, and denying the authority of a court of equity to construe it so as to give the widow the whole farm for thirteen years, after which it was all to be sold by the executor and the proceeds distributed. The answer averred the testator disposed of only sixty acres of the farm and that the remaining one hundred acres were intestate property. The defendants filed a cross-bill asking for partition of the one hundred acres alleged to be intestate estate among all the children of said Thomas Clancy, deceased. The cause was referred to the master in chancery upon both the original and cross-bills. After hearing certain proof the master reported that Thomas Clancy did not, at the time of his death nor at any time during his lifetime,

own the land described in the will in the north-east quarter of said section 4; that said Thomas Clancy intended by his will to devise to his widow for thirteen years, to be then disposed of as provided in said will, the one hundred and twenty acres he owned in the south-west quarter of section 4, and that the words "north one-half of" should be stricken out of the description of the land devised in that quarter section, so that the description would read, "the west one-half and the east one-half of the south-west quarter of section four (4)." Both parties excepted to the report of the master before the chancellor. The chancellor sustained appellees' exceptions in part, modified the report of the master and entered a decree finding that the testator by his will devised to his widow for a term of thirteen years the north one-half of the west one-half of the south-west quarter and the north one-half of the east one-half of the south-west quarter of said section 4; that he did not own the other land described in the will, and that the south-east quarter of the north-west quarter and the south one-half of the east one-half of the south-west quarter were intestate estate and descended to the heirs of the testator, and a decree for partition of said two last mentioned tracts was entered and commissioners appointed to make partition thereof. Complainants below have prosecuted this appeal from that decree.

The first tract of land described in the second clause of the will is the south one-half of the west one-half of the north-east quarter of section 4. Thomas Clancy owned no land in that quarter of the section. He did own the south-east quarter of the north-west quarter. The second description is the west one-half and north one-half of the east one-half of the south-west quarter of said section 4. Thomas Clancy did not own the whole of the west one-half of the south-west quarter but he did own the north one-half of said west one-half of the south-west quarter. He owned the whole of the east one-half of said quarter

section. Appellants insist that the court erred in not construing the will to devise the whole farm, and the appellees contend the decree is erroneous in finding that more than sixty acres of it was devised by the will and have assigned cross-errors to that effect.

It has been held in numerous cases decided by this court that where a description of property intended to be devised in a will is true in part but not true in every particular, if by eliminating the false description enough remains to identify the subject of the devise so that effect will be given to the intention of the testator, this may be done without violating the rule against the reformation of wills. But this can only be done by striking out the false part of the description, and nothing can be substituted in place of what is stricken out. It is unnecessary in this case to discuss the decisions upon that question. They are cited and reviewed in the late case of *Graves* v. *Rose*, 246 Ill. 76. It is clear that to hold the south-east quarter of the north-west quarter was devised by the description in the will of the south one-half of the west one-half of the north-east quarter would be a reformation of the will. The second description in clause 2 includes land the testator did not own and omits land he did own. By no process of striking out words of false description will there be left remaining a sufficient description to identify and include the whole one hundred and twenty acres owned by testator in the south-west quarter of the section. .

Appellees contend the second description in clause 2 refers only to the east one-half of the south-west quarter and devises the west one-half and the north one-half of the eighty. As these descriptions overlap they would include only sixty acres. We do not agree with this construction. The testator owned the north one-half of the west one-half of the south-west quarter. The devise was of the whole eighty and was operative to devise the half of it testator owned. The remaining description is the north one-half

of the east one-half of the south-west quarter, which is clear, definite and certain but includes no part of the south forty acres of the east one-half of the south-west quarter. To construe the will to devise more of the one hundred and sixty acres than eighty acres would require striking out parts of a true description and the substitution of other words of description. This the law does not allow, notwithstanding the presumption that the testator intended to dispose of all his property by his will. We think it clear the chancellor placed the proper construction upon the will.

Appellants contend if the decree was correct that eighty acres of the testator's land was intestate estate, the intestate property must first be resorted to for the payment of debts and costs of administration and that the decree should have so ordered. Paragraph 20 of the decree finds that the eighty acres held to be intestate property descended to the children of Thomas Clancy upon his death, "subject to any right the executor may have therein as may be required to settle said estate." Paragraph 21 finds that no other persons than said children have any title to or interest in the premises, "except such rights as the executor may be required to assert in settling said estate and the payment of any debts against the same or the costs and expenses of administration thereon, which should be determined by the county court in which the said estate is being administered." We do not think the court was required to, or could properly, go further in this case. The decree safeguards the interests of all parties and deprives none of them of any rights.

Appellants further contend that if any land is held to be intestate estate the legacies of $800 to each of appellees should be made a charge upon that part of the land. The will specifically makes those legacies a charge against the land devised to the widow for thirteen years. At the expiration of that period the land so devised is to be sold by the executor and the legacies paid out of the proceeds. No

authority exists to direct said legacies to be paid out of the proceeds of the sale of other land.

We find no error in the decree of the circuit court, and it is affirmed.

*Decree affirmed.*