(No. 13207.—Decree affirmed.)

RALPH W. STEVENSON et al. Appellees, vs. JOHN F. STEVENSON et al. Appellants.

Opinion filed April 21, 1921.

1. WILLS—questions of law settled on former appeal are binding on all parties. Questions of law settled on a former appeal from a decree construing a will in a partition suit are binding on a second appeal, and additional evidence to prove a fact which the former decision conceded will not affect the judgment of the court on the second appeal.

2. SAME—when devise will be good after striking out false description. A devise of land in section 8, township 7, north, range 6, west, which the testator did not own, will be good as a devise of property in section 8, township 6, north, range 7, west, which he did own, if, after striking out the false reference to township and range, a sufficient particular description referring to a hedge, ditch and other land remains to identify the property with the aid of the oral evidence establishing the existence of the latent ambiguity.

3. SAME—existence of latent ambiguity is not, alone, sufficient for devise to be given effect. Proof of a latent ambiguity by reason of a false description in a devise is not, alone, sufficient to authorize giving effect to the devise, but it must further appear that after discarding the false description there are left in the will sufficient words by which the land may be identified and located without adding to the description any words not authorized by the will.

4. SAME—appellants cannot assign error as to part of decree which does not affect their interests. Parties appealing from a decree construing a will in a partition suit have no right to assign error on any part of the decree which does not affect their interests.

5. SAME—when appellee cannot take advantage of construction of will on appeal. One who joins in a bill asking the court to construe certain clauses of a will to be invalid for misdescription and to partition the lands as intestate property, cannot, upon appeal by other parties from the decree, have the benefit of a construction upholding the one of such clauses devising land to him, where he has not only assigned no cross-error but has contended throughout that such clause is invalid.

6. SAME—when construction giving effect to one clause which contains misdescription cannot apply to other clauses. Where a testator makes the same mistake in stating the township and range in all the several clauses of his will, a construction holding that

one particular clause contains enough particular words of description to identify the land therein devised after striking out the township and range does not apply to the devises in the other clauses, which contain no words of particular description.

7. SAME—*when parties will not be allowed to take a different position on second trial.* Parties who have taken a position that the devises in a will are invalid for misdescription will not be allowed on a second trial, after obtaining a reversal of a decree upholding the will, to change their position entirely and file an amended answer asking the court to sustain the will as to them on the ground that the testator put them in possession of the land on the promise to devise it to them and that they have made lasting and valuable improvements thereon.

CARTER, DUNN and THOMPSON, JJ., dissenting.

APPEAL from the Circuit Court of Hancock county; the Hon. ROBERT J. GRIER, Judge, presiding.

SCOFIELD, HARTZELL & CALIFF, O. F. BERRY, SAMUEL NAYLOR, MACK & MACK, and WILLIAMS & WILLIAMS, for appellants.

O'HARRAS, WOOD & WALKER, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is the second appeal that has been prosecuted in this case to this court. On the first appeal clause 11 of the will of John Stevenson was construed as the circuit court construed it and the cause was remanded for a new trial on the other issues in the case. Our former decision contains a full statement of the facts and issues in the case. (*Stevenson* v. *Stevenson,* 285 Ill. 486.) The issues on this appeal as to 440 acres of land are the same as in the former appeal. This case is now to be considered on the facts and issues that were heretofore presented and the additional facts proved in the second trial.

As the cause was remanded by this court for a new trial except as to the issues as to clause 11 of the will,

this appeal is to be considered on the remaining issues in the same manner as if no former appeal had been prosecuted, except as to questions of law heretofore settled by this court. The questions of law so settled are binding in this appeal on all the parties. (*Newberry* v. *Blatchford,* 106 Ill. 584; *In re Estate of Maher,* 204 id. 25; *Hoffman* v. *Stephens,* 269 id. 376; *People* v. *Union Trust Co.* 280 id. 170.) The question for consideration in this appeal is whether all of the evidence now in the record, construed according to the rules of law heretofore announced in our former decision, sustains the decree of the lower court awarding partition of the 440 acres of land of the testator as intestate property.

The fourth clause of testator's will devises to Ralph Stevenson certain described land in the following language:

"*Fourth*—I give, devise and bequeath unto my son Ralph Stevenson the east half (½) of the north half (½) of the east half (½) of the southeast quarter (¼) of section eight (8), and the east half (½) of the east half (½) of the southwest quarter (¼) of said section eight (8), and a strip of land ten (10) feet in width and one hundred and sixty (160) rods in length, including the hedge fence, off the west side of the west half (½) of the southeast quarter (¼) of said section eight (8), used for a ditch, (my said son Ralph now being the owner of said tract of land,) less said ten (10) foot strip, all being in township seven (7), north of the base line, and range six (6), west of the fourth principal meridian, situated in the county of Hancock, in the State of Illinois."

Additional evidence was introduced for the purpose of establishing more clearly that the testator did not own the land specifically described in his will, or any land, in section 8, township 7, north, range 6, west of the fourth principal meridian. The former decision (page 492) conceded this fact. Therefore this evidence could not change the judgment of this court. Further evidence was introduced

to the effect that the testator did own land in section 8, township 6, north, range 7, west, which adjoined a hedge fence, and a ten-foot strip west of the hedge fence used for a ditch, being the west ten feet of the west half of the southeast quarter of section 8, township 6, north, range 7, west of the fourth principal meridian. Ralph Stevenson owned only the south half of the west half of the southeast quarter of the section, but the reference to the hedge and ditch and to his land .was sufficient to identify the ten-foot strip described in the will, as it was further shown that he owned no land in section 8, township 7, north, range 6, west of the fourth principal meridian, but did own land similarly described in section 8, township 6, north, range 7, west of the fourth principal meridian, by using the rule of law laid down by this court in the former opinion of discarding from this clause of the will all false description and considering it as no part of the will and not to be read as any part of the description of the land. We also think that with the new evidence considered, the fourth clause of the will is a sufficient description of all the land therein devised when we consider all the language properly belonging to this clause to correctly interpret it. In other words, after discarding the false description there remains sufficient language in the clause to correctly describe land of the testator in that clause when we consider the additional oral evidence aforesaid. The oral evidence establishes the fact that there was a latent ambiguity in this clause and that the land is described in the fourth clause by a correct description by which the land may be located,—that is to say, it properly describes the ten-foot strip so it can be definitely located. With this strip identified, the language in the fourth clause, by the use of the words "said section 8" in describing the ten-foot strip, shows clearly that the other 60 acres of land therein devised is in the same section 8 as is the ten-foot strip, which the oral evidence shows is in section 8, township 6, north, range 7, west, etc.

It is to be noted that in this interpretation of clause 4 of the will we do not read into the clause in the description of the 60-acre tract willed to Ralph Stevenson the words "township 6, north, range 7, west," in lieu of the words therein found, "township 7, north, range 6, west," but simply discard from this clause of the will all reference to township and range, and reading the clause with such elimination find that it sufficiently describes the land so that it may be located by considering oral evidence, which is in all such cases admissible for that purpose. Where there is a latent ambiguity found in a will, that fact, alone, is not sufficient to authorize the interpretation of the will as being sufficient to pass the title to a devise of realty. In addition to proving by oral testimony that there is, in fact, a latent ambiguity by reason of a false description of the land, it must further appear that after discarding the false description there are left in the will sufficient words of description by which, alone, the land may be identified and located without adding to the description any words not authorized by the will itself. To allow the addition of such words would simply be to permit the reformation of a will, which in no case is admissible under the law of this State.

Counsel in their brief correctly quote section 819 from Page on Wills, which treats of latent ambiguities in this language: "Where testator describes the property devised by township, range, section and quarter section but does not locate it in the correct section or range, or the like, the weight of authority is that extrinsic evidence is admissible to show exactly what real estate testator owned. Under this view, if he owns any real estate which corresponds in part to the description in the will the court will reject the incorrect part of the description and will pass the realty conveyed by the correct description. This subject has already been discussed in detail." It will be noted that the author in a note to these quoted words refers back to sec-

tion 487, where he gives the rule fully as to when such description with the false words eliminated will pass and when it will not pass the title by the devise. This latter section is the same section quoted from Page in our former decision, in which he lays down this positive rule: "Practically all the courts agree that if, after the false description or part of a description is discarded, there remains in the devise language sufficiently full and accurate to identify the subject of the gift with sufficient certainty the property there identified will pass. If, on the other hand, when the false description is eliminated from the will there is not enough left to afford a basis for identifying the subject of the gift nothing can pass." The other authorities cited by appellants will be found to follow this rule, when carefully considered.

Ralph Stevenson is not an appellant. He was one of the complainants seeking to have the will so construed as to declare the land intestate property. The will was so construed and he has not appealed or assigned error. The appellants are John Franklin Stevenson and his wife, Emma Gunning and her husband, and the executor. They have no right to assign error upon any part of the decree which does not affect them but only affects another party. Ralph Stevenson could not be heard now in a claim that he should have the benefit of our present interpretation of the will under the additional evidence, because in both appeals to this court he has contended that the 440 acres of land descended as intestate property and that no property passed by the will except that described in clause 11. It would be very inconsistent and inequitable for him to now make such a claim unless all the clauses in the will could be sustained that are now contested.

The interpretation now made of the fourth clause of the will cannot be made a basis for a like interpretation of any other clause in the will any more than could our former interpretation of the eleventh clause of the will. Clauses 2,

3, 5, 6 and 7 of the will make no reference whatever to clause 4 of the will, and there is no language in any of those clauses that furnishes a basis similar to that of clause 4 for their interpretation as valid clauses of the will. Each clause must stand or fall by the words found therein when considered with all the other provisions of the will. The same condition as to them exists now as existed when we considered them on the former appeal, and, applying the same rules now as we applied to clause 4, when the false description is eliminated therefrom the remaining description of the land devised in any one of them is insufficient to identify the property devised. The rule of construction that words used in one part of a will will be understood in the same sense when used in another part of the same instrument and will be given a different meaning only when it clearly appears that a different meaning was intended, as recognized by this court in *Duryea* v. *Duryea,* 85 Ill. 41, *Jenks* v. *Jackson,* 127 id. 341, and *Madison* v. *Larmon,* 170 id. 65, is not applicable in the process of elimination and interpretation of the clauses of the present will. In our interpretation of clause 4 of the will we do not interpret township 7, range 6, to mean township 6, range 7, but we simply eliminate entirely from the will all reference to township and range and hold that the remaining words left in the description are sufficient in themselves to properly describe the property intended to be devised. The process of elimination simply takes from the will false description that must be treated as if it had never been written in the will, and it is not considered at all in the interpretation.

Emma Gunning and James Gunning complain that the court overruled their motion to allow them to file amended answers to the second amended bill and the cross-bill, setting up entirely different contentions than were made by them on the first trial in the circuit court and on the first appeal to this court. Their attitude in these proposed answers is to claim that they are now entitled to have the

lower court and this court sustain the will on the ground that they had been put in possession of the land devised to them by the testator for a number of years before his death under the promise that it should become their property, and that in pursuance of such possession and relying on said promise they made lasting and valuable improvements thereon, etc., and that for those reasons the devise to them should be sustained or that the lower court should have decreed the property intended to be so devised to them as their property. In the lower court on the first trial Emma Gunning was a defendant to the amended and supplemental bills and also to the cross-bill, and in her answers to those bills she admitted all the facts set up in the amended supplemental bill and insisted that the will was invalid and that the 440 acres descended as intestate property. She was an appellant on the former appeal asking this court to make the interpretation of the will and render the judgment that we directed to be entered in our former decision. She is now in this court as an appellant seeking to undo, for the reasons aforesaid, the judgment that she then asked us to render. Her present action and insistence are entirely inconsistent with her former action and inequitable, and for these reasons the court properly overruled her motion. It was also properly denied by the court for the reason given by it,—that her motion was not made in apt time. If her new defense had been admissible we are not impressed that her evidence introduced upon her new theory established the fact that she made any such lasting and valuable improvements as would entitle her to a conveyance.

It is further contended by appellants that the tract of land in the northeast quarter of section 8 devised to Frank Stevenson by clause 5 of the will is devised as separate tracts, one containing $26\frac{2}{3}$ acres and the other $53\frac{1}{3}$ acres, and that under the rule laid down in our former decision that the subject of the devise may be identified by extrinsic proof in certain cases where it is described by quantity, and

particularly if the quantity is an unusual one, as 13 acres or 52½ acres, the foregoing description should pass the title to Frank Stevenson, as the quantities given and the oral evidence sufficiently identify the land devised. An examination of that clause discloses that no quantity is given in the description of this land in the northeast quarter of said section, and that the clause does not anywhere disclose the amount of land devised by any description therein or by all of the descriptions. The tract of land in the northeast quarter intended to be devised to Frank Stevenson is just half of that quarter section, and how many acres there are in the quarter or in the half-quarter is not disclosed. It is described as the north half of the east one-third and the middle one-third of the northeast quarter of section 8, etc. We do not think this is such a description as comes under said rule.

Our conclusion must necessarily be that the evidence in the record supports the decree of the court: Considering all the evidence in the case, it simply shows, clearly and unmistakably, that there was a mistake made by the testator in describing his land as located in township 7, range 6, instead of township 6, range 7. The evidence also leads to the conclusion that the mistake was inadvertently made, and there is no occasion for saying that the testator has practiced fraud on his widow or any of his children by reason thereof, or that we would be simply deciding that he had done so by holding that he made the several devises aforesaid by indefinite descriptions and that the titles cannot pass for that reason. The mistakes in this will are just like all others,—unfortunate occurrences which cannot be remedied by reforming wills against the positive provisions of our statute on wills.

The decree of the circuit court is affirmed.

*Decree affirmed.*

CARTER, DUNN and THOMPSON, JJ., dissenting.