GERHARD BIMSLAGER, Appellee, vs. BERNARD BIMSLAGER, Appellant.

*Opinion filed October 28, 1926—Rehearing denied Dec. 8, 1926.*

1. WILLS—*equity has jurisdiction to construe wills without regard to trust.* Since the amendment of 1911 to section 50 of the Chancery act the existence of a trust is not essential to the jurisdiction of equity to construe wills where there is doubt or uncertainty as to the rights and interests of parties, arising from ambiguous language in the will.

2. SAME—*what may be considered in ascertaining testator's intention.* The main object in construing a will is to ascertain the intention of the testator, and this intention can be ascertained only from the language used in the will, read in the light of the circumstances surrounding the testator at the time of making the will.

3. SAME—*extrinsic evidence not admissible to change or reform will.* No will can ever be reformed because of a mistake made therein by the testator, and extrinsic evidence is never admissible for the purpose of varying the intent as expressed in the will itself, and no words can be added to or taken from a will which change the plain meaning of the testator as expressed therein.

4. SAME—*extrinsic evidence is admissible to aid in ascertaining intention.* In construing a will extrinsic evidence is admissible to enable the court to read the will in the light of the circumstances surrounding the testator at the time the will was made, so as to aid the court in determining the intention.

5. SAME—*when description in will or deed is sufficient.* Where a will or deed contains a false or repugnant description but there is enough in the language of the devise or grant to identify the subject of the gift with sufficient certainty after eliminating the false description the property so identified will pass, but if, when the false description is eliminated, there is not enough left to afford a basis for identifying the subject of the gift nothing can pass.

6. SAME—*when devise of a "strip of land" will not be declared void for uncertainty.* Any description adopted in a will or deed by which the premises intended to be conveyed may be established and identified with the aid of extrinsic evidence is sufficient, and where a testator devises a "strip of land" along a well defined road in a forty-acre tract described in the will, the devise will pass where the strip of land is referred to in another part of the will as "a strip of timber land" and the extrinsic evidence shows that it was a well defined portion of the forty-acre tract.

APPEAL from the Circuit Court of Calhoun county; the Hon. GUY R. WILLIAMS, Judge, presiding.

CHARLES J. MACAULEY, and C. C. WORTHY, for appellant.

CHAPMAN, DUHADWAY & COX, (V. M. JACOBY, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

March 14, 1916, Henry Herman Bimslager, a resident of Calhoun county, died testate, and his last will and testament, and a codicil thereto, were duly thereafter admitted to probate by the county court of Calhoun county. He left him surviving his wife, Angala Bimslager, and his children, Bernard, Gerhard and Anna, (now Anna Weishaar,) as his only heirs-at-law. At the time of his death deceased was the owner of and in possession of an eighty-acre tract of land, the same being the south half of the southwest quarter of section 13, township 13, south, range 2, west of the fourth principal meridian, in Calhoun county. He owned no other land. By the second paragraph of his will he devised to his widow all of his real and personal estate, to be held and controlled by her during the term of her natural life, and by the fifth paragraph he gave to his daughter, Anna, the sum of $1000, to be paid by his sons, Bernard and Gerhard, within two years after the death of his widow. The widow died February 28, 1923, and the sum of $1000 was paid by the sons to Anna, each paying $500. The third and fourth paragraphs of his will are as follows:

"*Third*—After death of my beloved wife, Angala Bimslager, I devise and bequeath to my beloved son Bernard Bimslager the west forty acres of the south half of the southwest quarter in township thirteen (13), in township thirteen (13), south, in range two (2), west of the fourth principal meridian, Calhoun county, Illinois, except a strip

of timber land lying on the east side of the county road running through said lands, known as the Martens Landing road, and being part of said forty acres.

"*Fourth*—I give and bequeath to my beloved son Gerhard Bimslager the east forty (40) acres of the south half of the southwest quarter of section thirteen (13), in township thirteen (13), south, in range two (2), west of the fourth principal meridian, in Calhoun county, Illinois, and that strip of land on the east side of the county road of west forty of the land willed to my son Bernard Bimslager."

By the codicil to his will, after confirming and ratifying the provisions of the will, he provided: "I wish to add to said will that the road now leading from the tract of land devised to my son Gerhard Bimslager, through and across the tract of land willed to my son Bernard Bimslager, be kept open, free from all fences or gates, to the county road."

A dispute having arisen between the sons as to the premises devised to them, respectively, and as to the construction to be placed upon the codicil and the third and fourth paragraphs of the will, appellee filed his bill in the circuit court of Calhoun county for a construction of the will and codicil. By his bill he asked the court to so construe the will as to devise to Bernard the west forty acres of the eighty-acre tract of land except a strip of timber land described in the bill by metes and bounds, being a part of that forty lying on the east side of the county road running through said lands, known as the Martens Landing road, and to devise to appellee this strip of land and the east forty acres of the eighty. Anna Weishaar did not answer the bill and as to her it was taken as confessed. Appellant filed a demurrer to the bill, which was overruled. He then filed a plea to the jurisdiction of the court and an answer. In his answer he denied that the block of land described in the bill of complaint as timber land was by the terms of the third paragraph of the will excepted from the forty devised to him. He admitted that the word

323—20

"township" where it first appears in the third paragraph was inadvertently inserted where the word "section" should have been written, and he denied that by the terms of the will the testator devised to appellee the east forty acres of the eighty and the block of timber land described in the bill. After a hearing before the court a decree was entered construing the will and codicil in accordance with the prayer of appellee's bill, from which decree an appeal has been perfected to this court.

It is contended by appellant that in this case only legal titles are involved and no relief other than a judicial construction of the will is asked, and that therefore a court of law, and not a court of chancery, is the proper forum for the trial of the case. Prior to the amendment of section 50 of the Chancery act of 1911 the jurisdiction of courts of equity to construe wills was a part of the control of such courts over trusts, and they could not properly exercise the jurisdiction unless a trust, express or implied, was involved. Under the amendment of 1911 of that section the existence of a trust is not essential to the jurisdiction of courts of equity to construe wills where there is doubt or uncertainty as to the rights and interests of parties, arising from ambiguous language in the will. *McCarty* v. *McCarty,* 275 Ill. 573; *Sherman* v. *Flack,* 283 id. 457; *Wakefield* v. *Wakefield,* 256 id. 296; *Ward* v. *Caverly,* 276 id. 416.

The main object in construing a will is to ascertain the intention of the testator, and this intention can only be ascertained from the language used by him in expressing it in his will, read in the light of the circumstances surrounding him at the time of making the will. Extrinsic evidence is never admissible for the purpose of varying the intent of the testator as expressed in the will itself, and no words can be added to or taken from a will which change the plain meaning of the testator as expressed by his will. No will can ever be reformed because of a mistake made therein by the testator. (*Clancy* v. *Clancy,* 250 Ill. 297;

*Alford* v. *Bennett,* 279 id. 375; *Stevenson* v. *Stevenson,* 285 id. 486.)  Extrinsic evidence is, however, admissible in such cases to enable the court to read the will in the light of the circumstances surrounding the testator at the time it was made, so as to aid the court in determining the intention.  It being evident from the fact of making a will that the testator intended to dispose of his property, the court will endeavor, if possible, by searching all the provisions of the will, to find words that will identify the objects of his bounty and the property devised by him and give effect to the will as he has expressed it, if that can be done without the addition or subtraction of words that will change the plain meaning of the will as expressed therein, and if, after the false or repugnant description or part of a description is discarded, there remains in the devise language sufficiently full and accurate to identify the subject of the gift with sufficient certainty, the property there indicated will pass.  If, on the other hand, when the false description is eliminated from the will there is not enough left to afford a basis for identifying the subject of the gift nothing can pass.  *Stevenson* v. *Stevenson, supra; Fuller* v. *Fuller,* 315 Ill. 214;  *Brown* v. *Ray,* 314 id. 570;  *Abens* v. *Kennedy,* 314 id. 35.

It is evident that the words "in township 13," in the third paragraph, are a misdescription, and that there is an ambiguity as to just what land the testator intended to devise to appellant by that paragraph.  Obviously, the first "township" must be stricken out.  When this is done there remains in the will a sufficient description to identify the property intended to be devised.  The testator owned only eighty acres of land, and they were situated in section 13, in the township mentioned in the paragraph.  By the fourth paragraph of the will the east forty acres of the eighty were devised to appellee.  This description in the will is definite. In the codicil to the will testator mentions a road leading from the tract of land devised to appellee, through and

across the tract of land devised to appellant, to the county road. There was just one road leading from the tract of land devised to appellee to the county road and its location is definitely shown by the evidence. It leads from the east forty of the south half of the southwest quarter of section 13, in township 13, south, in range 2, west of the fourth principal meridian, across the west forty of the south half to the county road and is in section 13. The language of the will and codicil, when considered together, definitely fixes the land devised by paragraph 3 as being in section 13.

It is contended by appellant that the entire west forty was devised to him by paragraph 3, and that the exception of a strip of timber land contained in that paragraph can not be given any effect, as nowhere in the will is there a description of the strip and the evidence does not show that there is a "strip" of timber land on the east side of the county road but that there is a block of timber land which lies northeast of the county road. Appellant cites Webster's definition of the word "strip," as follows: "A narrow or relatively long piece, as a strip of cloth; a strip of land." The evidence shows that the four-acre tract of timber land described in appellee's bill and in the decree is the only tract of timber land in that forty. It is a narrow piece as compared with the remainder of the forty. Its length is greater than its width. It is well defined, has always been recognized as timber land and no part of it has ever been under cultivation, and the description contained in the bill and in the decree is taken from a plat made by the surveyor who surveyed the tract. Any description adopted in a deed by which the premises intended to be conveyed may be established and identified is sufficient, and it is the settled doctrine that for the purpose of sustaining a grant extrinsic evidence may always be used to identify and establish the objects of the call in the deed. A devise or grant will only be declared void for uncertainty where, after resort to oral proof, it still remains a mere matter of conjecture what was

intended by the instrument. (*Colcord* v. *Alexander,* 67 Ill. 581; *Bradish* v. *Yocum,* 130 id. 386.) However many errors there may be in a description of the subject of a devise, the devise will not be avoided if enough remains, after rejecting the errors, to show with certainty what was intended, when considered from the position of the testator. (*Collins* v. *Capps,* 235 Ill. 560.) When the codicil and the paragraphs of the will in question are considered from the position of the testator we are of the opinion that the construction placed thereon by the circuit court was correct.

The decree will be affirmed.

*Decree affirmed.*