(No. 17416.—Decree affirmed.)
CHALMERS N. ARMSTRONG, Admr., Appellee, *vs.* WAYNE
E. ARMSTRONG, Appellant.

*Opinion filed October 22, 1927.*

1. WILLS—*equity, in construing will, will endeavor to identify property devised.* While a will cannot be reformed on the ground of mistake, equity, in construing a will, will endeavor to find words in the will to identify property devised and give effect to the will if that can be done without the addition or subtraction of words that will change the plain meaning as expressed in the will; and if, after a false or repugnant description is discarded, there remains in the devise language sufficiently full and accurate to identify the subject of the gift with sufficient certainty, the property so indicated will pass.

2. SAME—*what are "false words" in description in will.* "False words," as applied to descriptions in wills, are misdescriptions of property devised or intended to be devised by the testator.

3. SAME—*when oral evidence is admissible in construing will.* While oral evidence is not admissible when it will change the plain meaning of the will as expressed by the language used, such evidence may be admitted for the purpose of showing latent ambiguities and putting the court in a better position to understand the will and identify the property described therein.

4. SAME—*what words may be stricken from description in will.* Where a will devises the testatrix's "former home at Revenna, [Nebraska,] Illinois, being lot 12, block 2, Max Meyer's addition to Revena, Mason county, Illinois," and the evidence shows that there is no Revenna, Illinois, but that the testatrix had a former home at Havana, Mason county, Illinois, of the same description except that it was in Marguerita Meyer's addition, the words "Revenna," "Max" and "Nebraska" may be disregarded, and the remaining words will be construed as a devise of the testatrix's property in Havana, Mason county, Illinois, the will showing an intention of the testatrix to dispose of all her property.

APPEAL from the Circuit Court of Mason county; the Hon. GUY R. WILLIAMS, Judge, presiding.

LYMAN LACEY, JR., guardian *ad litem,* for appellant.

EDMUND P. NISCHWITZ, for appellee.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

April 20, 1925, Grace Etzen Armstrong, a resident of Havana, Mason county, Illinois, but temporarily residing, for business purposes, at Lincoln, Nebraska, died testate, leaving her surviving her husband, Chalmers N. Armstrong, and her son, Wayne E. Armstrong, her only lineal descendant, and her last will and testament was duly ordered entered of record by the county court of Mason county. The second clause of the will was as follows: "I will to my husband, Chalmers N. Armstrong, all my interest in our former home at Revenna, [Nebraska,] Illinois, being lot 12, block 2, Max Meyer's addition to Revena, Mason county, Illinois, absolutely and forever." By the third and fourth clauses of her will she gave a life interest in 160 acres of farm land in Mason county to her husband with remainder to her son. The fifth clause of the will is as follows: "All the rest, residue and remainder of my estate, no matter where situated, either personal, real or mixed, I will to my son, Wayne E. Armstrong, absolutely and forever." Appellee filed his bill in the circuit court of Mason county, and thereafter an amended bill in chancery, in which he alleged that he and his deceased wife at the time of her death owned as tenants in common lot 12, in block 2, in Marguerita Meyer's addition to the city of Havana, Mason county, Illinois, which they had used and occupied as their homestead for about seven years; that the deceased had no interest in any other lots, either in Mason county or any other place; that her last will and testament was drawn by a Nebraska lawyer, who was unacquainted with deceased and her property; that appellee was not present at the making of the will; that the scrivener did not have the title deeds to the property of the deceased; that there is no town of Revenna in the State of Illinois; that there is no Meyer's addition to any city, vil-

lage or other municipality in Mason county other than Marguerita Meyer's addition to Havana; that the last will and testament was drawn hurriedly by the scrivener, as the testatrix was very ill at the time and was about to be removed to a hospital for an operation for the removal of gall stones and that she was suffering great pain; that she intended by clause 2 of her will to devise lot 12, in block 2, in Marguerita Meyer's addition to the city of Havana, Mason county, Illinois, to appellee, but that the same was misdescribed in that clause by mistake of the scrivener. The bill prayed that the false words in the description of the premises in the will might be stricken out and appellee decreed to be the owner of lot 12, in block 2, in Marguerita Meyer's addition to the city of Havana, Mason county, under said last will and testament. The minor son, Wayne E. Armstrong, was made a party defendant and a guardian *ad litem* appointed for him. An issue was formed and the cause heard by the chancellor, who entered a decree in accordance with the prayer of the bill, from which decree this appeal has been perfected.

It is contended by appellant that this is a suit for the reformation of a will for the purpose of correcting a mistake of the testatrix therein, and that a court of chancery has no power to correct such mistake. While no will can ever be reformed because of a mistake made therein by the testator, (*Clancy* v. *Clancy,* 250 Ill. 297; *Alford* v. *Bennett,* 279 id. 375; *Stevenson* v. *Stevenson,* 285 id. 486;) a court of chancery, in construing a will, will endeavor, by searching all of the provisions of the will, to find words that will identify the property devised and give effect to the will as expressed by the testator, if that can be done without the addition or subtraction of words that will change the plain meaning of the will as expressed therein, and if, after a false or repugnant description or part of a description is discarded, there remains in the devise language sufficiently full and accurate to identify the subject

of the gift with sufficient certainty, the property there indicated will pass. (*Fuller* v. *Fuller*, 315 Ill. 214.) "False words," as applied to descriptions in deeds and wills, are misdescriptions of property devised or conveyed that are not applicable to any property owned or intended to be devised by the testator, and while oral evidence is not admissible when it will change the plain meaning of the will as expressed by the language used, such evidence may be admitted for the purpose of showing latent ambiguities and putting the court in a better position to understand the will and identify the property described therein. (*Brown* v. *Ray*, 314 Ill. 570.) In the instant case it is evident from the fifth clause of the will that the testatrix intended to dispose of all of her property. The evidence fully sustains the allegations of appellee's amended bill. The testatrix and her husband had had no "former home" upon any other lot than lot 12, in block 2, in Marguerita Meyer's addition to Havana, Mason county, Illinois. She had at the time of her death an interest in that "former home" answering a portion of the description in the second clause of the will. When the false words, "Revenna," "Nebraska" and "Max," are stricken from the second clause of the will, we have remaining, "I will to my husband, Chalmers N. Armstrong, all my interest in our former home at Illinois, being lot 12, block 2, Meyer's addition to Mason county, Illinois, absolutely and forever," and under the circumstances shown by the evidence in the case these words are sufficiently definite to identify the property in question and to warrant the court in construing the will as a devise to appellee of the testatrix's interest in lot 12, block 2, in Marguerita Meyer's addition to the city of Havana, Mason county, Illinois.

The decree of the circuit court must therefore be affirmed.

*Decree affirmed.*