[Civ. No. 8861. First Appellate District, Division Two.—May 20, 1933.]

In the Matter of the Estate of JOHN D. HEINS, Deceased. ADOLF F. HEINS et al., Appellants, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Executor, etc., et al., Respondents.

132

R. F. Mogan and E. R. Hoerchner for Appellants.

Randolph V. Whiting, Henry F. Wrigley and William F. Traverso for Respondents.

DOOLING, J., *pro tem.*—This is an appeal from a portion of a decree of distribution distributing certain preferred stock of the Pacific Gas and Electric Company. The testator's will created in paragraphs 5 and 6 thereof two separate trusts; that created by paragraph 5 being for the benefit of respondents herein, John Heins, Erna Heins, John Minderman and Adeline Minderman; and that created by paragraph 6 being for the benefit of appellants Adolf F. Heins and John Heins, and of the two Mindermans. The fifth paragraph purported to bequeath to the trustee "All of my common stock of the Pacific Gas and Electric Company" and of two other named corporations. The sixth paragraph created a trust in the residue of the testator's estate. The will was executed on January 25, 1930, and the testator died six days later on January 31, 1930. It appeared and the court found that the testator never at any time owned any common stock of the Pacific Gas and Electric Company, but that at the time of the execution of his will and at the time of his death he owned 90 shares of the first preferred capital stock of that company of $100 par value each, and 340 shares of six per cent preferred capital stock of the same company of $25 par value each. The court further found that "said deceased intended to give and bequeath all of said shares of preferred capital stock of said Pacific Gas and Electric Company by and in accordance with the terms of paragraph fifth of his said will". The portion of the decree distributing

this preferred stock in accordance with this finding is attacked by this appeal.

■ Upon the face of the will no uncertainty or ambiguity appeared. The descriptive words "all of my common stock of the Pacific Gas and Electric Company" are definite and certain upon their face. No patent ambiguity existed. The proof, however, showed that neither at the time of making his will nor at any other time had decedent owned any of the common stock of the Pacific Gas and Electric Company, but that he did own certain shares of the preferred stock of such company. Thus was developed an uncertainty or ambiguity not apparent upon the face of the will; a latent ambiguity, as distinguished from a patent one. Of latent ambiguities in wills our Supreme Court said in *Taylor* v. *McCowen*, 154 Cal. 798 [99 Pac. 351, 353], quoting from *Patch* v. *White*, 117 U. S. 210, 217 [6 Sup. Ct. 617, 710, 29 L. Ed. 860]:

"It is settled doctrine that as a latent ambiguity is only disclosed by extrinsic evidence, it may be removed by extrinsic evidence. Such an ambiguity may arise upon a will, either when it names a person as the object of a gift, or a thing as the subject of it, and there are two persons or things that answer the name or description; or, secondly, it may arise when the will contains a misdescription of the object or subject; as where there is no such person or thing in existence, or, if in existence, the person is not the one intended, or the thing does not belong to the testator. . . . Where it consists of a misdescription . . . if the misdescription can be struck out and enough remain in the will to identify the person or thing, the court will deal with it in that way; or, if it is an obvious mistake, will read it as if corrected."

■ It will be observed of the ambiguity here disclosed that it is of that character described in the above quotation where the subject of the bequest as described in the will does not belong to the testator. It is further to be observed that by striking out the single word "common" the latent ambiguity is cured and the remaining words "all of my . . . stock of the Pacific Gas and Electric Company" are sufficient to identify the preferred stock of that company owned by the testator at the time his will was made and at the time of his death. The rule applicable to latent ambi-

guities of this character is thus stated in 28 Ruling Case Law, page 279, section 250: "Where the description of a person or thing in a will is made up of more than one part, and one part is true while the other is inexact or false, then, if the part which is true describes the subject or object of the gift with sufficient certainty, the untrue part may be rejected and the gift sustained. This is known as the doctrine of false demonstration, which is derived from the maxim, *'Falsa demonstratio non nocet, cum de corpore constat.'* The function of parol evidence under this doctrine is to enable the court to strike out that part of the description which is false and to identify the subject matter, but under this rule it is indispensable that enough remains of the words of the will after the false parts have been rejected plainly to show the intent. When the false language is eliminated, and nothing remains directing inquiry which may result in discovering the true subject of the devise, it is void. In the application of the rule now under consideration it has been held that where a will bequeaths the testator's black horse but at the time he has only one horse, which is white, the white horse will be construed as passing. In such a case the additional misdescription which does not apply to any subject introduces no ambiguity. Similarly a devise of real estate by description partly false may be effective if what remains after rejecting the false part of the description reasonably corresponds with real estate indicated by extrinsic evidence."

Without attempting an exhaustive citation of the authorities, the following are some of the many cases in which courts have admitted extrinsic evidence to show that the property as described in a will was not owned by the testator, but that a portion of the description truly applied, and was intended to apply, to property owned by the testator, and distributing such property accordingly: *Bullard* v. *Leach*, 213 Mass. 117 [100 N. E. 57] ; *Stevenson* v. *Stevenson*, 297 Ill. 338 [130 N. E. 771] ; *Hertford* v. *Harned*, 185 Ind. 213 [113 N. E. 727] ; *Wilmes* v. *Tiernay*, 187 Iowa, 390 [174 N. W. 271] ; *Brooklyn Trust Co.* v. *Warrington*, 277 Pa. 204 [120 Atl. 825] ; *Pemberton* v. *Perrin*, 94 Neb. 718 [144 N. W. 164, Ann. Cas. 1915B, 68] ; *Pring* v. *Swarm*, 176 Iowa, 153 [157 N. W. 734] ; *Armstrong* v. *Armstrong*, 327 Ill. 85 [158 N. E. 356] ; *In re Snyder's Estate*, 217 Pa. 71

[66 Atl. 157, 118 Am. St. Rep. 900, 10 Ann. Cas. 488, 11 L. R. A. (N. S.) 49]; *In re Boeck's Estate,* 160 Wis. 577 [152 N. W. 155, L. R. A. 1915E, 1008]; *Whitehouse* v. *Whitehouse,* 136 Iowa, 165 [113 N. W. 759, 125 Am. St. Rep. 250]; *Patch* v. *White, supra.*

While our own appellate courts have apparently not been called upon to apply this rule to a false description of the subject of a devise or bequest in a will, they have on more than one occasion applied it to a false description of the person who was intended as the object of the gift. (*Taylor* v. *McCowen, supra; Estate of Donnellan,* 164 Cal. 14 [127 Pac. 166]; *Estate of Brehm,* 116 Cal. App. 206 [2 Pac. (2d) 402]; *Estate of Moeller,* 199 Cal. 705 [251 Pac. 311].)

When it was shown to the court that the testator never at any time owned common stock of the Pacific Gas and Electric Company, but did at the time of making his will and of his death own preferred stock of that company, a proper case was made for applying the rule above discussed.

There is nothing in *Estate of Callaghan,* 119 Cal. 571 [51 Pac. 860, 39 L. R. A. 689], opposed to this conclusion. There the testatrix purported by her will to devise certain land in Alameda County, which she had never owned, to certain grandchildren. It was attempted on behalf of the grandchildren to show that they were pretermitted heirs by proving that the testatrix had never owned the property described. This the court held could not be done, since the mention of the grandchildren in the will showed that at the time of its execution the testatrix had them in mind. The court was careful to say on page 576: "It is not contended that, either by extrinsic evidence or otherwise, the description of the property mentioned in the will could be made to apply to any other tract of land; and appellants do not claim any other particular piece of land. The case is, therefore, materially different from *Patch* v. *White, supra,* cited by appellants."

Here in addition to the facts previously discussed the appraisement and will were before the court. From the inventory and appraisement it appeared that the preferred stock of the Pacific Gas and Electric Company was appraised at $16,541 and the other stock which went into the trust created by paragraph 5 of the will had a value of only a little over $2,000. The will provided a trust for the pay-

ment of income with a provision for its termination and the transfer of the *corpus* upon certain contingencies. Into the second trust under the decree of the court went property of a somewhat higher appraised value than that distributed to the trust created by paragraph 5, but some of it of a less desirable character. The beneficiaries of each trust bore the same relationship to the testator. We cannot say in view of all the evidence that the court erred in distributing the preferred stock of the Pacific Gas and Electric Company as it did.

Decree affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.