(No. 32506.—)

FRANCES HUFF, Appellant, *vs.* STATE BANK AND TRUST COMPANY *et al.,* Appellees.

*Opinion filed January 22, 1953.*

LeRoy G. Charles, of Chicago, for appellant.

Johnston, Thompson, Raymond & Mayer, of Chicago, (Anan Raymond, and Edward E. Lynn, of counsel,) for appellee State Bank and Trust Co.; Charles F. Grimes, and Edward R. Cullen, both of Chicago, for appellee Walter Mitchell; and John A. Graf, of Evanston, for appellee Porter Young.

Mr. Justice Maxwell delivered the opinion of the court:

Appellant, Frances Huff, brought suit in the circuit court of Cook County to construe a will devising real estate to her. The master recommended dismissal of her complaint for want of equity, and her exceptions to the master's report were subsequently overruled by the circuit court and the cause was dismissed for "want of equity. The appeal is direct to this court because a freehold interest is involved.

In June, 1938, Daisy Sandidge, the testatrix, acquired title to lots 1, 2, 3, and 4 in block 1 of Culver's addition to the city of Evanston, which fronted on Dodge Avenue. At the time title was acquired, a house occupied lot 1 and the north 10 feet of lot 2. The house was designated as No. 2046 Dodge Avenue, and it occupied a corner lot. At the testatrix's invitation, appellants, Francis Huff, her husband, who was employed by Miss Sandidge, and their children moved into the house in July, 1939. Thereafter, Miss Sandidge offered lots 3 and 4, each 25 feet wide, for sale through appellee Walter Mitchell, a real-estate broker, but did not sell them when it was discovered that a city ordinance forbade construction of houses on 25-foot lots. In 1945, appellee Mitchell had the lots surveyed and replatted into 3 lots instead of 4. The replatting enlarged the original lot 1 by 15 feet, putting the boundary line thereof 5 feet

south of the house occupied by appellant and her family, thereby making the lot where the house stood some 40 feet wide. Portions of lots 2 and 3 were made into a lot 30 feet in width, and parts of lots 3 and 4 became another 30-foot lot.

The testatrix conveyed lot 4 and part of lot 3, as re-platted into a 30-foot lot, to Eleanor Rowe on September 20, 1945. A house, 2040 Dodge Avenue, was placed on the Rowe property. In the spring of 1946, appellee Mitchell advertised the replatted 30 foot center lot, between the Rowe and Huff houses, for sale. During this period, as they had since their occupancy of the house at 2046 Dodge Avenue, appellant and her family used some of the vacant center lot for lawn and garden, did the yard work and sprayed the fruit trees on the lot.

The testatrix died in August, 1947, and the second clause of her will reads as follows: "I give and devise the real estate located at and known as 2046 Dodge Avenue, Evanston, Illinois, to Mrs. Frances Huff." Appellee State Bank and Trust Company of Evanston was named executor of the will. In September, 1947, appellant received a copy of the will and a copy of the petition for admission of the will to probate. In July, 1948, appellant testified at a State inheritance tax hearing, and her devise was then described and taxed as original lot 1 and the north 15 feet of lot 2. Late the following month, the executor deeded to the appellant the original lot 1 and the north 15 feet of lot 2; at the same time, under a probate court order approving the disposition under a power of sale contained in the will, the south 10 feet of original lot 2 and the north 20 feet of original lot 3, the replatted 30-foot lot between the Huff and Rowe houses, was deeded by the executor to appellee Walter Mitchell. The estate was closed and the executor discharged on December 9, 1948.

In June, 1949, appellee Mitchell contracted to sell the property he purchased to appellee Porter Young. A build-

ing foundation was placed thereon, and in August a house, known as 2044 Dodge Avenue, was placed on the foundation. The instant suit for construction of the will was filed in October, 1949.

At the hearing, appellant, her husband, Eleanor and Louise Rowe, and Elizabeth Phillips, appellant's daughter, testified to conversations with Miss Sandidge on a number of occasions when she visited the Huffs, wherein the testatrix told them that the house they lived in belonged to Mrs. Huff; that she (testatrix) would not put a tennis court between the Huff and Rowe houses because the Huffs had a garden there; that the testatrix hoped that the fruit trees between the houses would never be cut down; and that she consulted Mrs. Huff before selling the end lot to the Rowes.

The master found that the executor was not a necessary party to the suit; that appellant and her husband were incompetent to testify under section 2 of the Evidence Act; that the testimony of appellant's witnesses concerned decedent's wishes and was not admissible to show the intent of words written in the will; that the devise of "2046 Dodge Avenue" was unambiguous and the land in dispute was not necessary to the enjoyment of the house the appellant lived in; that the power of sale in the will did not authorize the executor to sell property specifically devised; and that appellant had not been guilty of conduct which estopped the assertion of her claims.

Appellant has assigned error to the master's findings save those concerning the power of sale and estoppel, and avers that her complaint should not have been dismissed.

The appellant made the State Bank and Trust Company, executor of Miss Sandidge's will, a party defendant in the lower court, but the bank denied by answer any connection with the cause by virtue of its discharge by the probate court of Cook County on completion of administration of the estate in December, 1948, some months before

this action was instituted. *Lewis* v. *West Side Trust and Savings Bank*, 376 Ill. 23, sets forth the criterion for determining the proper discharge of an executor. At page 45, this court stated that "The plain intent of section 112 of the Administration Act is to discharge an administrator or executor at the completion of his duties, and where proper notice is given, an order of discharge is binding on heirs, devisees, and creditors in the absence of fraud, accident, or mistake." If the instant suit is properly brought because there is a latent ambiguity in the provision of the will, then the executor is a proper party, despite prior discharge, until it is determined on the facts whether fraud, accident, or mistake led to his improper discharge.

A latent ambiguity has been defined by this court in *Alford* v. *Bennett*, 279 Ill. 375, 379, as "one which arises not upon the words of the will, deed or other instrument, as looked at in themselves, but upon those words when applied to the object or subject which they describe." At first blush, the devise of "real estate located at and known as 2046 Dodge Avenue" seems so specific as to preclude questions regarding the extent of the devise. We are of the opinion that "2046 Dodge Avenue" is not a sufficient legal description of the property to preclude the introduction of parol evidence to explain what the testatrix meant by it. A description by metes and bounds would be unquestioned, but the house number in this case might refer to the house upon the original lot, upon the replatted lot, or to the entire tract, and parol evidence to identify the property described thus is admissible. (*Norton* v. *Jordan*, 360 Ill. 419; *Morgan* v. *National Trust Bank*, 331 Ill. 182.) The law is well settled that evidence showing the circumstances surrounding the testator at the time the will was made may be heard to indicate what the testator meant by the words he has used; but such evidence cannot be used to alter or vary what has been written in the will. (*Rettig* v. *Zander*, 364 Ill. 112; *Gahan* v. *Golden*, 330 Ill. 624;

*Bimslager* v. *Bimslager,* 323 Ill. 303; *Alford* v. *Bennett,* 279 Ill. 375.) The purpose of construction of a will is to ascertain the intention expressed in the language of the will, and not the intention which existed in the mind of the testator apart from that language. The apparent ambiguity must be resolved by a consideration of all the proper evidence presented by both parties.

The master properly found that the testimony of the appellant concerning conversations with the testatrix is not admissible as against the executor, under section 2 of the Evidence Act, although this inadmissibility does not extend to the executor's grantees. The testimony of appellant's other witnesses was admissible against all parties defendant, and the master erred in regard to its admission. *Hockersmith* v. *Cox,* 407 Ill. 321, reaffirmed the holdings in this court that a witness to be disqualified under section 2 must have a legal, certain, and immediate interest in the result of the action. (*Brownlie* v. *Brownlie,* 351 Ill. 72; *Kellan* v. *Kellan,* 258 Ill. 256.) The testimony of all appellant's witnesses, except that of Mrs. Huff, the appellant, against the executor, is admissible to shed light on the meaning of "2046 Dodge Avenue."

However, it is our opinion that the admission of this testimony is not sufficient to establish that the center lot belonging to the testatrix was intended to be part of the devise to appellant. Witnesses testified that the appellant's family used the center lot, with Miss Sandidge's approval, for lawn and garden; that she talked with appellant before selling the end lot to the Rowes; and that the testatrix wished the fruit trees to remain on the center lot. These expressions indicate the testatrix's desire to assist the appellant's family, but they cannot be presumed to show that the entire tract was to become the property of appellant. We have found in the record no evidence that the testatrix habitually referred to the entire tract as "2046 Dodge

Avenue." Any such interpretation is negated by the admitted replatting of the tract, sale of the end lot to Mrs. Rowe, and the offer of sale of the center lot. Miss Sandidge apparently regarded the house and lot occupied by the appellant as appellant's property, and the remainder of the tract as her own. In view of her conduct with reference to the property, it seems obvious that the clause in the will devising "2046 Dodge Avenue" gave appellant title to the house and the 40-foot replatted lot upon which it stood, and nothing further was intended to pass to appellant under the will. *Smith* v. *Dennis,* 163 Ill. 631, presented a similar fact situation when the testator devised his "homestead" to his wife, and this court held that the devise did not include a second house, with separate outbuildings, on the same city tract with the testator's residence, though there was no physical separation of the two, because the testator had treated the properties as separate by renting the one in which he did not live, and recognizing them by his conduct as separate though no dividing line was established between them.

It follows from our discussion of the merits of this cause that appellee State Bank and Trust Company was properly discharged as executor of the estate of Daisy Sandidge, and costs were properly assessed against the appellant, whose action failed of proof, rather than against the executor.

The master's recommendation of dismissal of appellant's complaint for want of equity was proper, although we do not feel that certain findings of fact by the master are supported by the evidence, and the circuit court of Cook County properly overruled the exceptions to the master's report. The decree of the circuit court of Cook County is hereby affirmed.

*Decree affirmed.*