[No. 11796.   In Bank. — March 22, 1888.]

IN THE MATTER OF THE ESTATE OF ALMIRA GIBSON,
DECEASED.

WILL — BEQUEST TO CHARITABLE CORPORATION — MISTAKE IN CORPORATE
NAME. — The will in question contained a residuary bequest to the "Old
Ladies' Home, at present near Rincon Hill, at St. Mary's Hospital."
The respondent, a corporation named "The Sisters of Mercy," conducted
an establishment near the place indicated, generally known as St. Mary's
Hospital, one department of which was called the Old Ladies' Home,
which was devoted to the care and protection of old ladies. The Old
Ladies' Home was originally in the same building with the hospital,
but had been recently removed into another building, erected by the cor-
poration on its lot near the hospital. The expenses of the Old Ladies'
Home had always been paid by the corporation, and it was under its
control. No other institution of the kind was near the place indicated.
*Held*, that the corporation known as the "Sisters of Mercy" was en-
titled to take the bequest.

Appeal from a decree of the Superior Court of the city and county of San Francisco distributing the estate of a decedent.

By the decree in question, the court ordered that the bequest to the Old Ladies' Home be paid to the repondent, the Sisters of Mercy. The further facts are stated in the opinion of the court.

*W. S. Goodfellow*, for Appellants.

The bequest is not to the Sisters of Mercy in trust for the Old Ladies' Home or its members, nor is there any evidence to show that such was in fact the intention of the testatrix. On the contrary, the evidence shows that the testatrix was acquainted with the corporation respondent, and its relations to the Old Ladies' Home and other institutions, and yet she did not mention it in her will. On the other hand, she knew that the Old Ladies' Home which she did mention was not identical with the claimant, the Sisters of Mercy. The language of the will is free from ambiguity or uncertainty. If the Old Ladies' Home had been incorporated or otherwise legally competent to take, no one would have disputed its right or thought of diverting the legacy to the Sisters of Mercy. Can the language of the will be transformed because it appears that the testatrix has misapprehended the law? The legatee not being competent to take, and no trust having been created, the bequest fails. (*Sherwood* v. *Am. Bible Soc.*, 4 Abb. 227; *Owens* v. *Miss. Soc.*, 14 N. Y. 380, 406; 67 Am. Dec. 160; *Downing* v. *Marshall*, 23 N. Y. 366, 382; 80 Am. Dec. 290; *Chili Soc.* v. *Bowen*, 21 Hun, 389; *Reeves* v. *Reeves*, 5 Lea, 644; *Cobb* v. *Denton*, 6 Baxt. 235; *Dunham* v. *Averill*, 45 Conn. 61; 29 Am. Rep. 642.)

*John M. Burnett*, and *James Gartlan*, for Respondent, the Sisters of Mercy.

Where the testator sufficiently indicates the institution intended, the bequest to it will stand, notwithstanding a

mistake or misnomer in its corporate name. (Angell and Ames on Corporations, sec. 185; Cal. Civ. Code, sec. 357; *Le Fevre* v. *Le Fevre*, 59 N. Y. 434; *Button* v. *American Tract Soc.*, 23 Vt. 349; *Lanning* v. *Sisters of St. Francis*, 35 N. J. Eq. 392; *In re Mussig*, 3 Dem. 225; *Pell* v. *Mercer*, 14 R. I. 412.)

PATERSON, J.—The will of the testator contained the following residuary clause: "I give and devise the remainder of my estate, after the above legacies have been paid, to the Old Ladies' Home, at present near Rincon Hill, at St. Mary's Hospital." The evidence—against the introduction of which there was no objection—shows that the establishment conducted by the corporation respondent was generally known as St. Mary's Hospital, and that one department thereof is called the Old Ladies' Home, and is devoted to the care and protection of old ladies. The Old Ladies' Home was originally in the same building with the hospital, but was recently removed into another building, erected by the corporation on the same lot about fifty feet from the hospital. The expenses of the Old Ladies' Home have always been paid by the corporation, and it is under its control. There is no other Old Ladies' Home in the vicinity of Rincon Hill. The name of the corporation is "The Sisters of Mercy." It is claimed by the appellant that there is no legatee competent to take, and no trust having been created, the bequest to the Old Ladies' Home fails.

Our code provides that "the misnomer of a corporation in any written instrument does not invalidate the instrument, if it can be reasonably ascertained from it what corporation is intended." So long as the testator sufficiently indicates the institution intended, the bequest is good; and if from the will itself, or evidence *aliunde*, the object of the testator's bounty can be ascertained, a misnomer of a legatee, or devisee, whether a natural person or a corporation, will not invalidate the

provision. (*Le Fevre* v. *Le Fevre*, 59 N. Y. 434.) It was held in a case quite similar to this that a charitable gift to a hospital should be sustained notwithstanding the misnomer of the corporation, and that it would take and hold the gift on the trust named by the donor. (*Lanning* v. *Sisters of St. Francis*, 35 N. J. Eq. 392.)

The court found "that the testatrix meant and intended by her said will, and especially by the twelfth article thereof, to make said corporation, called 'The Sisters of Mercy,' her residuary legatee, intending thereby especially to benefit the department thereof which provides for the care, protection, and comfort of old ladies; and the testatrix knew that the only conduit of her charity was the corporation called 'The Sisters of Mercy.'" We think these findings of the court are justified by the evidence.

Judgment affirmed.

McFARLAND, J., SHARPSTEIN, J., and McKINSTRY, J., concurred.

TEMPLE, J., dissented.

Rehearing denied.