[No. 12815. In Bank. — January 17, 1889.]

## In the Matter of THE ESTATE OF EMILY CASE-MENT. OLD PEOPLE'S HOME, Appellant, v. O. W. HOLLENBECK et al., Respondents.

ORDER REINSTATING DISCHARGED EXECUTORS—CONTEST OVER LEGACY—APPEAL OF UNSUCCESSFUL CLAIMANT. — Where the executors of the will of a decedent have been discharged pending a contest by several parties over a legacy bequeathed by the will, the amount of which was ordered paid into court to abide the contest, and are reinstated for the purpose of contesting the rights of all the claimants, and claiming the amount of the legacy as residuary legatees, such order of reinstatement, though unnecessary to the determination of the contest, cannot be complained of as beyond the power of the court to make it, upon appeal by a claimant of the legacy who was not entitled thereto; and an unsuccessful claimant, if not entitled, cannot object to the validity of an order of the court decreeing that the executors as residuary legatees are entitled to the legacy, nor that the order of distribution directing the payment of the amount into court was conclusive against the executors.

WILL — UNCERTAIN BEQUESTS — PAROL EVIDENCE — APPEAL — CONCLUSIVE-NESS OF FINDING. — When parol evidence is received in favor of various claimants of an uncertain bequest in a will to show that each of them was the party intended as legatee, and the finding of the court below is against each of the claimants upon such evidence, it will not be disturbed upon appeal.

ID. — BEQUEST TO OLD LADIES' HOME. — Upon a contest over a bequest to the Old Ladies' Home of San Francisco, between the Protestant Episcopal Old Ladies' Home, the Old People's Home, and the Sisters of Mercy, each of which has a home for old ladies, it seems that the Protestant Episcopal Old Ladies' Home comes more nearly within the provisions of the will than either of the other claimants, and that the court might properly distribute the money to it, under the liberal rule of construction applicable to legacies to charitable institutions.

ID. — DISTRIBUTION OF LEGACY — PREMATURE APPEAL — DISMISSAL. — No appeal can be allowed from an order declaring who is entitled to a legacy in advance of a final judgment or order of distribution of the money which is the subject of the legacy.

ID. — ERRONEOUS CONSTRUCTION OF WILL — ORDER AS TO RIGHT NOT CONCLUSIVE UPON DISTRIBUTION. — An erroneous order construing a will and declaring certain parties entitled to a legacy bequeathed thereto is not conclusive, and may be corrected by the court on making final distribution.

APPEAL from an order of the Superior Court of Placer County, determining the right to a legacy, and refusing a new trial.

The facts are stated in the opinion of the court.

*Charles F. Hanlon,* for Appellant.

*J. M. Fulweiler,* for Respondents.

WORKS, J.—The deceased died testate, and by her will bequeathed " to the Old Ladies' Home of San Francisco one thousand dollars." After the issuance of letters testamentary, the Protestant Episcopal Old Ladies' Home filed a complaint claiming to be entitled to the legacy above mentioned, and asking that the same be distributed to it. An answer was filed by the Old People's Home, making the same claim, and a like answer and claim was made by the Sisters of Mercy. While these different claims were pending, there was an order made by the court that the executors be finally discharged from their trust, and that the money be paid to the clerk of the court, to be held by him until the rights of the claimants thereto be determined by the court. Subsequently, the court ordered that " J. W. Fulweiler be and he is hereby appointed to represent the executors of the estate of Emily Casement, deceased, as the residuary legatee in the matter of the contested legacy, and that said matter be heard March 20, 1888." Thereafter the said Fulweiler, pursuant to said order, filed what is termed a complaint on the part of O. W. Hollenbeck and John Butler, alleging that they, as such executors, were the residuary legatees under said will, and were the executors of said estate, setting out the bequest contained in said will, and further alleging that there was no such institution in said San Francisco, California, known as the Old Ladies' Home; that there were three institutions in said city, that, among other things, cared for old ladies, or old women, as follows: The Protestant Episcopal Old Ladies' Home, the Old People's Home, and the Sisters of Mercy; that it was not the intention of the said deceased to bequeath the said sum of one thousand dollars to either

of said claimants; that each of them were corporations, organized under the laws of the state of California prior to the year 1870, and were inhibited by the laws of said state from taking property by will; that theretofore said court had made its order discharging said petitioners from their trust as the executors of the last will and testament of said deceased; and praying that said order of the court, discharging said petitioners as such executors, be vacated and set aside. ·Each of the corporations above named filed answers to this complaint, reasserting their claims to the legacy, and denying the material allegations of the petition. The court entered an order vacating the former order of the court discharging the executors, and proceeded to a hearing of the questions presented by the several claims of said legacy. The findings of the court are to the effect that neither of said claimants is entitled to said legacy; that the executors are the residuary legatees under said will, and, as such, entitled to the same, and the judgment of the court is rendered accordingly.

The Old People's Home moved for a new trial, which was denied, and it appeals from the judgment and the order denying a new trial.

The appellant contends that the court below had no power to vacate the order discharging the executors, and to reinstate them as such executors by a subsequent order. Conceding this, we do not see how the appellant was or could have been injured thereby. The only material questions presented by the several claimants were, whether either, and, if so, which one, of them was entitled to the legacy in question. The reinstatment of the executors was unnecessary to the determination of these questions. The court found and adjudged that the appellant was not the legatee named in the will, and that it was not, therefore, entitled to the money. This being the case, it was wholly immaterial to it whether the legacy went to one of the other claimants, or back to the per-

sons who were claiming to be the executors of the will, and, as such, entitled to the money as residuary legatees. Therefore, if the court erred in making the order complained of, it was harmless.

It is contended that the order of distribution made in connection with the order discharging the executors was conclusive, and could not be set aside on motion. This may also be conceded, for the purposes of this case, as it in no way affected the rights of the appellant or any of the other claimants of this legacy. It simply provided that the money be paid to the clerk and held by him until the rights of the claimants be determined.

So it is urged that the judgment of the court that the executors were entitled to the legacy as residuary legatees was void because there were no executors. We may concede this, also, and how is the appellant injured ? It was enough that the judgment was against the appellant's claim. So much of the decree as provides that the same be paid to the executors may be treated as surplusage, so far as this appeal is concerned. The same may be said of the claim made that the court erred in failing to find upon the issue that the executors were barred and estopped to claim the legacy by said decree of distribution, and by failing to file a petition for the legacy within the time required by law. If the appellant was not entitled, it cannot be heard to complain that the property was decreed to some one else in the same condition, and, therefore, these were immaterial issues, in view of the finding and judgment against appellant's claim.

The next contention is, that parol evidence was competent to show that the testatrix meant the appellant by the ambiguous term she adopted in her will. The court may have so understood it, as such evidence was heard without objection.

It is argued by counsel for appellant with great earnestness that such evidence was competent to explain what is claimed to be an ambiguity in the terms of the

will, but there is no such question before us. All of
the evidence offered by the appellant was admitted by the
court below. We think it may be seriously questioned
whether the court did not err in this respect in appel-
lant's favor, but we express no opinion upon it.

The question whether or not a charitable corporation
can take by will is very elaborately argued, but there is
nothing in the record to indicate that the court below
held to the contrary, or that it based its decision upon
any such ground. The court below heard the evidence,
and found against the appellant. As the case is pre-
sented to us, we must assume that the court found that
the evidence was insufficient to entitle the appellant to
the legacy.

It will be seen by the statement of the case that the
name of the legatee in the will is not identical with the
name of any of the three claimants. The bequest was
to the Old *Ladies'* Home of San Francisco. The cor-
porate name of the appellant is the Old *People's* Home,
and one of the other claimants, the Protestant Episco-
pal Old *Ladies'* Home, and the other the Sisters of
Mercy.

The point is made by counsel for appellant, and elabo-
rately argued, that there was such an ambiguity in the
will as might be so explained as to show that the appel-
lant was interested as the beneficiary under the will,
and that the evidence introduced was sufficient to show
that fact. As we have said, the court below must have
acquiesced in the view that the evidence was competent,
as the testimony of witnesses on the point was heard.
There was evidence on the part of appellant and the
respondent, the Protestant Episcopal Old Ladies' Home,
attempting to show that each of them was the person
referred to in the will, and the court below, having heard
all the evidence, and found it to be insufficient to en-
title either of them to the legacy, we cannot disturb the
finding. We may suggest, however, that, as the final

order of distribution did not dispose of this legacy, and no disposition has yet been made of it, that it is still subject to the claim of the parties to this action. We may say, further, that the respondent, the Protestant Episcopal Old Ladies' Home, comes more nearly within the provisions of the will than either of the other claimants, and that, under the liberal rules of construction applicable to legacies to charitable institutions, the court might properly have distributed the money to it. But as it is not appealing, the question is not before us.

We are of opinion that there has been no final judgment or order of distribution in this case from which an appeal can be allowed. If any errors have been committed in construing the will, the court below can correct them on making final distribution.

Appeal dismissed.

Thornton, J., McFarland, J., Paterson, J., and Sharpstein, J., concurred.