[L. A. No. 1051. Department One.—June 20, 1902.]

WALDO B. FAY, Respondent, v. S. HERBERT HOWE, and H. P. LINCOLN, Executors of the Will of Henry K. Winchester, Deceased, Appellants.

WILL—CHARITABLE TRUST—INDIGENT AGED PERSONS—CERTAINTY—DETERMINATION OF TRUSTEE—POWER OF COURT.—A charitable fund created by will, the income of which is to be used by a trustee "in aid of deserving aged native-born in the town of Southboro, Mass., needing such aid, to be used as in his judgment he may think best," is a valid trust; and is not void for uncertainty, on the ground that the court cannot determine the fact left to be determined by the trustee in a particular instance, "whether a particular person is the beneficiary interested." The court cannot take the place of the trustee.

ID.—INDEFINITENESS OF PERSONS—ESSENCE OF CHARITABLE TRUST.— Indefiniteness of the persons who are to be beneficiaries of the trust is of the essence of a charitable trust.

ID.—CONSTRUCTION OF WILL—"DESERVING" BENEFICIARIES "NEEDING AID"—CERTAINTY OF CLASS.—The words "deserving" and "needing aid" used in the will do not render it hopelessly indefinite. The word "deserving" must be construed in connection with the phrase "needing aid," and the fair construction of the will is that the aged poor, and no others, were in the ,mind of the testator. The will is to be construed liberally in aid of the charitable trust; and there is no uncertainty in the class designated by the testator as beneficiaries.

ID.—PERPETUAL FUND—DISCRETION OF TRUSTEE NAMED—APPOINTMENT OF SUCCESSOR—POWER OF COURT.—The testator having created a perpetual charitable fund, the fact that he has provided only for the exercise of the discretion of his nephew as trustee does not show that the trust is personal to him alone, and that it rests under conditions repugnant to its existence, on the ground that after his death no one would be left to act. In such case, the trust being otherwise valid, the court will not permit it to fail for want of a trustee, but will appoint a successor.

APPEAL from a judgment of the Superior Court of Santa Barbara County. W. S. Day, Judge.

The facts are stated in the opinion.

Richards & Carrier, for Appellants.

William G. Griffith, and Charles F. Choate, Jr., for Respondent.

CHIPMAN, C.—Defendants are executors of the last will of Henry K. Winchester, deceased. Among other provisions of the will was the following: "Thirteenth: I also leave in trust with my nephew, Waldo B. Fay, five thousand dollars ($5,000), the income to be used in aid of deserving aged native-born in the town of Southboro, Mass., needing such aid; to be used as in his judgment he may think best."

The cause was submitted on an agreed statement of facts, and the court adjudged that "the bequest is a valid one, and the defendants are hereby directed to pay the same out of the assets of the estate of said decedent in like manner as other bequests of recognized validity of equal standing under the will of decedent." Defendants appeal from the judgment.

Appellants concede that trusts for charitable uses are good, and that one of the characteristic features of such trusts is, that the number of the beneficiaries is indeterminate. But it is contended "that, although the number of individuals in the class cannot be determined, the class itself must be sufficiently defined, so that it can be determined whether any specific individual belongs to that class." It is further contended "that a trust is void for uncertainty whenever its provisions are such that a court of equity could not determine whether or not the trustee was diverting the fund from the purposes intended by the giver; and that the test is, Can the court determine in a particular instance whether a given person is the beneficiary intended? Judging by these principles, appellants maintain that the bequest to Waldo B. Fay is void for uncertainty." After referring to some of the cases decided by this court, the learned counsel for appellants say that it is a question "awaiting judicial determination in this state how great definiteness in the designation of the class of beneficiaries is required." Charitable uses embrace an almost unlimited field of human benefactions, and the classes themselves are many and varied. The multitudinous character of both the classes and the beneficiaries precludes the possibility of formulating with reasonable accuracy any rule of universal application prescribing the exact definiteness with which classes of charitable trusts must be designated.

If the contention of appellants is, that the court must be satisfied with the selection of the beneficiary made by the trustee, there would be little difficulty in the court's determin-

ing whether the beneficiary selected in a given case was within the class intended by the testator to be benefited. If appellants meant no more than this, there should be no difficulty in upholding the trust. But we infer that the contention goes much further, and the real position taken is, that the trust is fatally uncertain and indefinite if the court cannot determine for itself by a perusal of the will, and independent of any action by the trustees, whether a particular person comes within the class. This view, however, would in effect rest the very discretion in the court which the donor was careful to confide to the trustee, and would devolve upon the court the execution of the trust expressly reposed in the trustee. This position, we think, must necessarily result from the contention that the court must be able to ''determine in a particular instance whether a particular person is the beneficiary interested.''

The testator here designated the class as including all ''deserving aged native-born in the town of Southboro, needing such aid,'' and he directed the trustee to disburse the funds ''as in his judgment he may think fit'' among the beneficiaries or members of the class named. The discretion is given to the trustee, and not to the court, to determine who of the class are deserving and needing aid, and the charity must not be permitted to fail because no court can first determine that a particular person belonging to the class is not entitled to share the bounty of the testator. Appellants' contention may be true in applying the principle to private trusts, but it cannot be applied to charitable trusts without destroying most of them. No one would claim that the court is powerless to prevent a perversion of the testator's intention, but no principle upon which charitable trusts are administered can make the court in effect the trustee. In the case of a private trust there must be certainty as to the beneficiaries, but in charitable trusts individuals are not named, for the reason that, if named, the gift becomes a donation to individuals, and, losing the character of indefiniteness as to persons,— which is of the essence of a charitable trust,—it is no longer a charitable trust. Inherent in every charitable trust is the very characteristic against which appellants' argument points, —namely, indefiniteness of beneficiaries. It is claimed that the gift is void,—1. Because ''only those are to receive it who

are deserving and who are needing such aid''; and 2. Because "the discretion given to Mr. Fay in determining these qualifications is clearly a personal trust, given to him by reason of the testator's confidence in him, and therefore such as could not after his death or inability to act be exercised by another.''

Upon the first of these objections it is urged that there is no judicial determination of the meaning of the word "deserving," and that it is not possible to say who, in the mind of the testator, constituted "deserving" persons, and that the phrase "needing such aid" is also hopelessly indefinite. We cannot so regard the will. The testator set aside five thousand dollars, the income of which was to be used in mitigating the wants of the "aged" of the town of Southboro "needing such aid." The fair construction of the will is, that such aged persons as needed financial assistance were to partake of the bounty,— in short, the aged poor, for no others would need financial aid, and no others could have been in the mind of the testator. The word "deserving" must be construed in connection with the phrase "needing aid," and coupled with that phrase and the donation of money, it means practically the same thing. We are not permitted to say that the testator may have had in mind as "deserving aged" such persons as might be selected by applying a test of their morality or religion or scholastic attainments, as suggested by appellants, and thus destroy the bequest because of its uncertainty. We are to construe the will liberally because in aid of a charitable trust, and we are to treat as certain that which may reasonably be said to be capable of being made certain. We cannot, therefore, agree with appellants, that there is uncertainty in the class designated by the testator as the objects of his benefaction.

Nor do we think the testator intended to confine the execution of his donation to Mr. Fay alone, and that, having created a fund in perpetuity, the trust would rest under conditions repugnant to its existence, because upon the death or inability of the trustees there would be no one left to act. Apart from the fact that Mr. Fay is ready and willing to execute the trust so long as he may live, we cannot regard the terms "my nephew" as anything more than words of description. And it cannot be said that the testator created a fund in perpetuity, but failed because failing to provide for a successor. If

otherwise valid, the court will appoint and not permit the trust to fail.  (*Estate of Upham,* 127 Cal. 90.)

We do not feel called upon to review the cases cited in the briefs.  The cases decided by this court have covered pretty nearly the entire field of charitable trusts, and, although not always precisely in point, the principles established by them, we think, fully support the judgment in the present case. Suffice it to refer to some of these cases:  *Estate of Hinckley,* 58 Cal. 471 (an exhaustive review of the subject); *Estate of Robinson,* 63 Cal. 620; *In re Hewitt,* 94 Cal. 376; *In re Pearsons,* 98 Cal. 603; *People* v. *Cogswell,* 113 Cal. 129; *In re Royer,* 123 Cal. 614; *Estate of Upham,* 127 Cal. 90 (where the question is again carefully examined); *Estate of Wiley,* 128 Cal. 1; *Estate of Winchester,* 133 Cal. 271, where another charitable bequest by this same testator was involved and upheld.

We advise that the judgment be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Harrison, J., Van Dyke, J., Garoutte, J.