[Crim. No. 2300.   In Bank.—March 13, 1920.]

## In the Matter of the Application of ANNA HARTMAN et al. for a Writ of Habeas Corpus.

[1] CONSTITUTIONAL LAW—PEACEABLE CHANGES IN FORM OF GOVERN-
MENT—RIGHT OF ORGANIZED ASSOCIATION—DISPLAY OF FLAG.—The
inhabitants of the United States have both individually and col-
lectively the right to advocate peaceable changes in the constitution,
laws or form of government, although such changes may be based
upon theories or principles of government antagonistic to those
which now serve as their basis, and an organization peaceably ad-
vocating such changes may adopt a flag or emblem signifying its
purpose, and the display or possession of such flag or emblem can-
not be made an unlawful act.

[2] MUNICIPAL ORDINANCE — PROHIBITION OF DISPLAY OF FLAG OF
ORGANIZATION ESPOUSING PRINCIPLES ANTAGONISTIC TO FORM OF
GOVERNMENT—VOID ENACTMENT.—A municipal ordinance making
it unlawful for any person to display or have in his possession
any flag or emblem representative of any organization which
espouses principles of government antagonistic to the constitution
and laws of the United States or to its present form of govern-
ment is void, since the quality of criminality is attached to acts
which under the federal constitution are permissible and within
the law.

APPLICATION for a Writ of Habeas Corpus to procure
the release of petitioner after conviction of violation of mu-
nicipal ordinance.   Granted.

The facts are stated in the opinion of the court.

J. H. Ryckman for Petitioners.

Erwin W. Widney and J. D. Taggart for Respondents.

KERRIGAN, J., *pro tem.*—Petition for writ of *habeas
corpus.*

The petitioners are serving a term of 120 days imprison-
ment for violating the provisions of an ordinance of the city
of Los Angeles which enacts:

"Section 1.   It shall be unlawful for any person . . . to
display, or to cause or permit to be displayed, publicly or
privately, or to have in possession, within the city of Los

Angeles any flag, insignia, emblem or device of any nature whatsoever representative of any nation, sovereignty, society, association or organized or unorganized effort of any nature whatsoever which in its purposes, practices, official declarations, or by its constitution, by-laws or regulations, espouses for the government of the people of the United States of America . . . principles or theories of government antagonistic to the constitution and laws of the United States of America, or to the form of the government thereof as now constituted. . . . " (Here follow certain exceptions irrelevant to the question involved in this proceeding.) The ordinance provides that any violation of its provisions above quoted is a misdemeanor punishable by fine or imprisonment or both.

In the month of May, 1919, under this ordinance these petitioners were charged and convicted of unlawfully displaying and having in possession a flag, insignia, emblem and device representative of an organized effort antagonistic to the constitution of the United States of America and the form of government thereof. In passing it may be said that the ordinance was passed prior to the enactment of the statute of 1919 defining criminal syndicalism and sabotage, and the latter differs essentially from the former in providing that unlawful acts of force or unlawful methods of terrorism as a means of accomplishing industrial or political changes shall constitute a felony, while the former attaches the quality of criminality to acts which under the federal constitution are, it is quite apparent, permissible and within the law. Under this ordinance a person would be guilty of the crime defined therein who should have in his possession a flag or emblem representative of an organization which advocated or espoused any change of principle or theory of government, merely because such principle or theory is antagonistic to our present constitution and form of government. The language of the ordinance is so broad and comprehensive as to render criminal the display or possession of the flag or emblem of a peaceful organization or society which espoused or advocated amendment of the federal constitution or of our form of government, national or state, in respects admittedly proper from a legal point of view, although giving rise to differences of opinion as to such amendment or change, as, for example, an amendment pro-

viding for the recall of members of Congress, or for the introduction into the national legislative machinery of the initiative and recall, or an amendment providing for the extension or restriction of the powers of the president, such as conferring upon him exclusive authority in our relations with foreign countries, or, on the other hand, conferring that exclusive authority upon the United States Senate; or a similar extension or restriction of the authority of the judicial branch of the government. Such proposals would be more or less antagonistic to our present theory and form of government, and yet under our present constitution their advocacy is not and cannot be made criminal; equally so the display or possession of the flag or emblem of an organization peaceably engaged in such propaganda. [1] Nothing would seem to be more certain than that the inhabitants of the United States have both individually and collectively the right to advocate peaceable changes in our constitution, laws, or form of government, although such changes may be based upon theories or principles of government antagonistic to those which now serve as their basis. And it seems equally certain that an organization peaceably advocating such changes may adopt a flag or emblem signifying its purpose, and that the display or possession of such flag or emblem cannot be made an unlawful act.

[2] It follows that the ordinance under consideration, so far as it attempts to make the acts enumerated criminal, is invalid, and that the imprisonment of the petitioners for having engaged in one or more of those acts is in violation of the rights guaranteed to them by the constitution of this country.

The petitioners should be discharged from custody, and it is so ordered.

Shaw, J., Olney, J., Lennon, J., Angellotti, C. J., Lawlor, J., and Wilbur, J., concurred.