[Civ. No. 7897. Second Appellate District, Division One.—August 20, 1931.]

In the Matter of the Estate of MARIE C. BREHM, Deceased. THE PRESBYTERY OF LOS ANGELES (a Religious Corporation) et al., Respondents, v. ELIZABETH C. FORTH, Appellant.

Earle Stuart Rhode and E. S. Green for Appellant.

A. Vernon Green and Walter M. Campbell for Respondents.

HOUSER, J.—This is an appeal from an order or judgment by which a portion of the estate of the decedent was distributed to each of certain corporations either specifically mentioned or sufficiently described as a legatee by the provisions of the last will of the deceased.

That part of the will which is questioned by appellant was as follows:

"After funeral expenses are paid whatsoever property remains, is to go to the following Boards of the Presbyterian Church, U. S. A.

"One fourth to the Woman's Board of National Missions.

"One fourth to the Board of World Missions.

"One fourth to the Mission work for Mexicans in Los Angeles Presbytery."

It is contended by appellant that the findings of fact made by the trial court are not justified by the evidence. Without here setting forth in full the findings to which objection is made, it may suffice to state generally that in substance they were that each of the corporations either mentioned or described in the will was a religious corporation duly organized and existing; and that where in the will either of such corporations was misnamed, its identity as the corporation intended by the testatrix to take the legacy by her bequeathed to it was satisfactorily established by the evidence.

From the evidence adduced at the hearing, it appeared that the will was holographic in character; that the testatrix was an officer as well as a member of the Presbyterian church; that for several years she had served such church as a lecturer; from which it may be deduced that she was much interested along lines of Christian endeavor, indicated by the several legacies which are the subject of attack by appellant. It was also shown that a part of the work of the Presbyterian Church, U. S. A., consisted in each of such mentioned activities; in other words, that each of them was a corporation subsidiary to the parent organization, known as the Presbyterian Church of the United States of America, and that although each of such legatees had an official name as provided in its charter, nevertheless it also had another name by which, if not actually so designated, at least it was frequently so described and recognized.

The mere fact that in drafting her will and in designating the several beneficiaries thereunder the testatrix used the name by which the corporation legatee was ordinarily and commonly described, rather than the true or official name of such legatee, cannot defeat the wishes of the testatrix in that regard. Where by competent evidence the identity of the legatee is made to appear, the authorities are numerous in the declaration of the law that the intention of the testatrix as expressed in her will must prevail. (Sec. 1340, Civ. Code; *In re Gibson*, 75 Cal. 329 [17 Pac. 438]; *Estate of Dol*, 182 Cal. 159 [187 Pac. 428];

*Estate of Moeller,* 199 Cal. 705 [251 Pac. 311]; and, see, *Gilmer* v. *Stone,* 120 U. S. 586 [30 L. Ed. 734, 7 Sup Ct. Rep. 689, see, also, Rose's U. S. Notes].) It therefore follows that the fact that "the Presbyterian Church of the United States of America"; "the Woman's Board of Home Missions of the Presbyterian Church in the United States of America"; "the Board of Foreign Missions of the Presbyterian Church in the United States of America"; and the "Los Angeles Presbytery" which conducts "a Mission for Mexicans"; were and each of them was misnamed by the testatrix in her attempted designation of each of them as a legatee under the provisions of her will, cannot of itself have the effect of defeating the ascertained wish and direction in the will of the testatrix in that regard. An examination of the record herein discloses the situation that the evidence produced by the respondent was ample to justify the findings of fact to which appellant has here objected.

Appellant further contends that "the decision of the trial court is against the law", in that it is in violation of the provisions of section 1275 of the Civil Code. The basis of the objection thus presented by appellant is that by the terms of the statute to which reference has been had neither of the corporation beneficiaries under the will was qualified to accept a devise or bequest. However, on reading the statute it will be noted that, although by its general provisions it is possible that the position assumed by appellant might have some merit, in effect the inhibitory language of the statute is modified by the exception that corporations of the particular class or classes therein legislated against are "capable by law of taking the property so disposed of", if "expressly authorized by statute" so to do. Turning then to section 604a of the Civil Code, it will be found that a corporation of the kind represented by each of the legatees herein interested is "expressly authorized by statute" to "receive bequests and devises for its own use, or upon trusts, to the same extent as a natural person . . . "

The further suggestion by appellant that, in order that either of the corporations herein interested may be legally qualified to accept a devise or a bequest under a will, it must first file its certificate of incorporation and of the election of its directors, attested by the signatures of

its presiding officer and acting secretary, evidently has application to corporations of the kinds or classes referred to in section 604a, "organized or formed" after the enactment of said statute, and not to those organizations of the same character which were authorized to incorporate and which actually did incorporate under the provisions of the law (and especially those of sections 593 and 594 of the Civil Code), which were in effect prior to the enactment of section 604a. At least, in the absence of any evidence to the contrary (which is the instant situation), the presumption is that as to each of the corporations whose capacity to take property under the provisions of a will here is questioned, all binding legal requirements in force at the time of its creation were fully complied with; and by the express terms of section 604a its benefits accrued to "every such corporation heretofore organized or formed, or hereafter organized pursuant to the provisions of this section . . . "; which class of legislation is authorized by the provisions of section 1, article XII of the Constitution, which in substance is that all laws of the state which concern corporations may at any time be altered or repealed by legislative act.

■ Appellant predicates further alleged error on the fact that as to one of the corporations here in question (it being a foreign corporation), because of the presently asserted fact (and not because of any evidence thereof adduced on the hearing) that both at the time the will was made and at the time of the decease of the testatrix said corporation had not filed in this state a copy of its articles of incorporation, it was thereby prevented from accepting the legacy bequeathed to it. However, since the basic point is ruled adversely to such contention in each of the cases of *Estate of Rawitzer*, 175 Cal. 585 [166 Pac. 581], and *Estate of Wellings*, 197 Cal. 189 [240 Pac. 21], it is clear that appellant's contention in that regard cannot be upheld by this court.

■ For the reason that the finding of fact by the trial court that each of the corporations herein interested was "a religious corporation", which finding was fairly sustained by competent evidence to that effect, and because included within the purpose of each of said corporations, as set forth in its articles of incorporation, is a statement of similar import, it follows that the objection next pre-

sented by appellant, to the effect that neither of such corporations being "a religious corporation", neither of them is legally qualified to take under the will—cannot be sustained. Moreover, the provisions of section 604a of the Civil Code apply to "any church", etc., or "any community or council, or *other organization* of such religious society".

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.