[Civ. No. 8157.   Second Appellate District, Division One.—May 18, 1932.]

In the Matter of the Estate of JOSEPHINE REGNIER, Deceased. FRATERNITE FRANCO–AMERICAINE (a Corporation) et al., Appellants, v. DELLA REGNIER et al., Respondents.

Mott, Valle & Grant for Appellants.

Dave F. Smith and Kryne Van den Akker for Respondents.

TAPPAAN, J., *pro tem.*—Josephine Regnier died April 17, 1928, leaving an estate subject to administration. On December 23, 1927, she had executed an holographic will, which will, after her death, was duly admitted to probate as her last will and testament. This will contained, among other provisions, the following bequest: "I hereby bequeath to the French Orphans of France, one-third of my Estate." In due course of administration the executrix of her estate presented her final account and petition for distribution. In this petition the executrix alleged that, "one-third of the property on hand should be distributed to the French Orphans of France".

Two sisters of the deceased, the contestants here, filed objections to the final account and petition for distribution in which they alleged: "That under the terms of said will one-third of said estate is bequeathed to the 'French Orphans of France', and said objectors hereby allege that said devise is so uncertain that the same cannot be properly carried out and they further object that the said French Orphans of France are not authorized or entitled to receive a legacy under said will." Appellants and their associated charitable corporation, The Fatherless Children of France, Inc., filed an answer to these objections. This answer alleges that The Fatherless Children of France, Inc., was organized in 1918 as a charitable, nonprofit corporation, under the laws of the state of New York, for the purpose of raising funds for the relief of the orphan children of France. That the French War Orphans Relief was organized for the purpose of receiving funds to be used in the care and relief of the orphan children of France and carried on the work of The Fatherless Children of France, Inc., after it had discontinued its active campaign for funds in 1921. The answer further alleges that Fraternite Franco-Americaine was a corporation organized under the laws of France in 1915, for charitable purposes and that it has at all times acted in conjunction with the other appearing organization in the actual expenditure in France of the funds collected by them in America. The answer also denied each allegation of the objections. A hearing was regularly had upon the objections and the court sustained the objections and by its decree ordered that the one-third of the estate provided to pass to the

French Orphans of France should be distributed to the heirs at law of the deceased.

The only findings of fact made by the court are embodied in the decree of distribution, which contains the following provision: "That said decedent in her last will and testa-. ment made an attempted bequest of one-third of her estate to the French Orphans of France, and it appearing to the court that there is no organization of that name, nor any organization of a similar name, and that the language of said will attempting to make a disposition of one-third of said estate is so indefinite and uncertain that it is impossible to identify anyone as the intended taker of said one-third of the estate of said decedent; and that said attempted gift of one-third of said estate to the French Orphans of France fails and said one-third of said estate is undisposed of by the will of said decedent, . . . " From this order and decree of distribution the French War Orphans Relief and the Fraternite Franco-Americaine appeal. The corporate existence of The Fatherless Children of France, Inc., terminated January 22, 1931, after submission of the cause to the trial court, but before the decision was made.

Appellants' contention on this appeal is that the court's finding that the provision of the will for the benefit of the French Orphans of France is "so indefinite and uncertain that it is impossible to identify any one as the intended taker of said one-third of the estate of said decedent" is not supported by the evidence. At the hearing had upon the petition for distribution the contestants called no witnesses. The appellants introduced the testimony of three witnesses at this hearing two of whom were nieces of decedent, and one Lucien N. Brunswig who was an officer of the charitable organizations here involved. The testimony of the nieces was very similar in import. They both had lived with decedent as a part of her family group and were upon terms of intimacy with her. Decedent's family was of French origin. She was unmarried. In conversation had with her subsequent to the declaration of war in 1914 she had shown great interest in the orphan children of France; that she had given funds to be used for such French orphans; that these funds had been given for the children of France through the organization of which Mr. Brunswig was chairman. At one time in a discussion had as to the terms of the will of the

father of one of the witnesses the decedent expressed much surprise that his will did not remember the French children of France and stated ''she felt it was very unkind and she felt she would do so.'' The witness Brunswig testified as to the organizations here involved, and of which he was an officer and one actively engaged in carrying on their charitable work. That such organizations collected and expended funds for the benefit of the orphan children of France during and after the war; that during the period of the war a large amount of publicity was given to the organizations and their work of collecting funds for French orphan children. Documentary evidence was also received as to the corporate existence of the incorporated organizations.

Section 105 of the Probate Code, which is a restatement and consolidation of repealed sections 1318 and 1340 of the Civil Code, reads as follows: ''When there is an imperfect description, or no person or property exactly answers the descriptions, mistakes and omissions must be corrected, if the error appears from the context of the will or from extrinsic evidence, excluding the oral declarations of the testator as to his intentions; and when an uncertainty arises upon the face of a will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, excluding such oral declarations.'' Though some of the testimony received by the trial court may have been objectionable upon the theory that it was hearsay or as a declaration of intention, read as a whole, it clearly establishes decedent's knowledge of, connection with and sympathy for, the objects and purposes of the appellant charities, and was competent evidence to establish the true identity of appellant, it being obvious that there was a misnomer, the testimony being that there was no such organization as the ''French Orphans of France''.

The will here involved is holographic. It does not appear that the decedent was one skilled in the drawing of such instruments. Inaccuracy or misnomer, from a layman's standpoint, do not assume their relatively great significance. Respondents contend that the instant case is to be distinguished from cases of misdescription or misnomer, as exemplified by *In re Gibson,* 75 Cal. 329 [17 Pac. 438], and *Estate of Moeller,* 109 Cal. 705 [251 Pac. 311], in that, there is no resem-

blance between the names of the charities claiming the bequest and the name appearing in the will. With this contention we cannot agree. A name, at best, is but the handle upon which we seize in an effort to establish an identity. It cannot be said that ''the smith that works at the stone bridge'', a term of yesterday, is not as definite and certain, as the more prosaical ''John Smith'' of to-day. There is a clear identity as to characteristic and distinguishing features between French War Orphans Relief, Fatherless Children of France and French Orphans of France. The location of the charity was definite when it is considered that its purpose was nation wide. The Fraternite Franco-Americaine, though lacking in name similarity, is clearly indicated by purpose and as an integral part of the indicated charity. Respondent has cited a number of cases which have no application here as they involve the question of patent ambiguity which question is not presented by the case at bar. The imperfect description of appellants in the will in the instant case is one that the trial court should have, under the circumstances presented here, corrected. (*In re Gibson, supra; In re Casement*, 78 Cal. 136 [20 Pac. 362] ; *Estate of Upham,* 127 Cal. 90 [59 Pac. 315] ; *Estate of Moeller, supra.*)

No issue on the question of the competency of the appellants to accept the bequest is presented upon this appeal.

The judgment and decree appealed from is reversed.

Conrey, P. J., concurred.

York, J., dissented.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 16, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 14, 1932.