[Civ. No. 12170–S.   Second Appellate District, Division One.—June 16, 1939.]

In the Matter of the Estate of KATHERINE ZENS, Deceased. LOS ANGELES ORPHANS' HOME SOCIETY (a Corporation) et al., Appellants, v. JOHN B. HAAS, as Administrator, etc., et al., Respondents.

Chapman & Chapman and Louis Thomsen for Appellants.

Girard F. Baker, Meserve, Mumper & Hughes and Roy L. Herndon, as *Amici Curiae*, on Behalf of Appellants.

Waldo & Waldo and George E. Waldo for Respondents.

DORAN, J.—Decedent herein, Katherine Zens, died April 25, 1929, leaving a will dated December 29, 1928, which was duly admitted to probate. At the time of her death, her only heir-at-law was her brother, Ludwig Mueller, a resident of Germany. Subsequently, and prior to the proceeding hereinafter referred to, said Ludwig Mueller died, leaving heirs, all foreign residents. One Lucile McGuire was appointed administratrix of Ludwig Mueller's estate.

The will of Katherine Zens by its terms provided, among other things, as follows:

"Tenthly. I hereby devise and bequeath all the rest and residue of my estate, if any, to the Protestant Orphan Asylum of Los Angeles, California, by whatsoever name the same may be legally known."

On behalf of Lucile P. McGuire, as administratrix of the estate of Ludwig Mueller, deceased, a "Petition for Order Determining Heirship and Interests in Estate" was filed, which alleged in substance (and particularly as affecting the within appeal), that the purported gift to "The Protestant Orphan Asylum of Los Angeles" was void for the alleged reason that no organization of that name or a similar name was in existence; that there were a number of organizations coming within the category of this designation in Los Angeles and that it was impossible for the court to determine which one, if any, the testatrix had in mind; that Katherine Zens died intestate as to said void portion of the will and that the residue of her estate should be distributed to her heirs.

Separate answers were filed in behalf of the "Children's Home Society of California", "The Church Home for Children of the Protestant Episcopal Church in the Diocese of Los Angeles" and the "Los Angeles Orphans' Home Society". Each of these institutions claimed the benefits of the provisions of the aforementioned tenth paragraph.

After a hearing, and based upon its findings that: "There was not in Los Angeles City or Los Angeles county at the date of the execution of the will, nor at any time since, any institution having the name 'Protestant Orphan Asylum of Los Angeles'; that no sufficient proof was offered to identify the institution Katherine Zens intended to name as legatee in the tenth paragraph of her will; and that the testamentary intent of Katherine Zens was a 'general charitable intent' for the care, maintenance and religious instruction of orphans and needy children in a Protestant institution", the court concluded as follows:

"That no proof sufficient to identify the legatee intended by the testatrix, Katherine Zens, in the tenth paragraph of her will, having been offered, and her testamentary intent being a general charitable intent for the care, maintenance and religious instruction of orphans and other needy children in a Protestant institution to receive such legacy to be used by it for the charitable purposes intended by said Katherine Zens, the court in the exercise of its general equity powers decides that the 'Church Home for Children of the Protestant Episcopal Church in the Diocese of Los Angeles, in its name, . . . purposes and conduct comes more nearly than either of the other claimants, within the provisions of the will and testamentary intent of said Katherine Zens, and that it does come within the provisions of the said will and testamentary intent, and that said residual legacy should be distributed to said 'Church Home for Children of the Protestant Episcopal Church in the Diocese of Los Angeles', to be used for this intended charity for orphans and other needy children." Judgment was entered accordingly.

The Los Angeles Orphans' Home Society, and, likewise, Lucile P. McGuire, as administratrix of the estate of Ludwig Mueller, deceased, appeal from the judgment and decree; the appeals are based upon an engrossed bill of exceptions.

■  Although conceding that the rules of construction applicable to the determination of the questions here involved are liberal and, as pointed out by respondent, that "courts look with favor upon all attempted charitable donations, and will endeavor to carry them into effect, if it can be done consistently with the rules of law" (*Estate of Peabody*, 154 Cal. 173, 178 [97 Pac. 184] ; see, also, *Estate of Willey*, 128 Cal. 1, 12 [60 Pac. 471] ; *Estate of Merchant*, 143 Cal. 537, 540 [77

Pac. 475]; *Fay* v. *Howe,* 136 Cal. 599, 602 [69 Pac. 423]),
nevertheless, it is urged by Los Angeles Orphans' Home So-
ciety that the evidence does not support the conclusion of the
court that the institution mentioned "comes more nearly . . .
within the provisions of the will and testamentary intent of
said Katherine Zens" than any other claimant. In that con-
nection it is argued that while the testatrix intended a chari-
table devise, on the other hand, a general disposition of the
residue of her estate "for the care, maintenance and religious
instruction of orphans and needy children", as found by the
court, was not intended; that the testatrix had in mind a
specific institution which she intended as the recipient of her
bounty.

■ Primarily the questions sought to be raised on appeal
were addressed to the judgment and discretion of the trial
court. The record reveals that, in addition to the will itself,
considerable evidence was received for the court's considera-
tion in determining the issues involved. Although such evi-
dence may give rise to, and frequently does under such cir-
cumstances justify, a difference of opinion, the trial court's
determination of the issues is final when there is some evidence
to support the findings of fact, and the conclusions are sound
and correct as to the law. Such a judgment will be sustained
on appeal in the absence of prejudicial error.

■ Appellant Lucile P. McGuire, as administratrix of the
Estate of Ludwig Mueller, deceased, contends that "there
being no organization capable of taking under the will, as
the court found 'no proof sufficient to identify the legatee',
. . . this residuary legacy lapses and the residue of her es-
tate should be distributed to her heirs". *In re Casement,* 78
Cal. 136 [20 Pac. 362], is authority for the court's action
and definitely disposes of the above contention. In the Case-
ment case the court held as follows: "There was evidence on
the part of appellant (Old People's Home), and the respond-
ent, the Protestant Episcopal Old Ladies' Home, attempting
to show that each of them was the person referred to in the
will, and the court below, having heard all the evidence, and
found it to be insufficient to entitle either of them to the
legacy, we cannot disturb the finding. We may suggest, how-
ever, that, as the final order of distribution did not dispose
of this legacy, and no disposition has yet been made of it,
that it is still subject to the claim of the parties to this action.

We may say, further, that the respondent, the Protestant Episcopal Old Ladies' Home, *comes more nearly within the provisions of the will than either of the other claimants,* and that, under the liberal rules of construction applicable to legacies to charitable institutions, the court might' properly have distributed the money to it." (Italics added.)

For the foregoing reasons the judgment and decree appealed from is affirmed.

York, P. J., and White, J., concurred.

Petitions by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal were denied by the Supreme Court on August 14, 1939. Edmonds, J., and Spence, J., *pro tem.,* voted for a hearing.