[Civ. No. 7576. Third Dist. Apr. 20, 1949.]

Estate of JOSEPH JEWEL MEALY, Deceased. MARILLA MELLO, Appellant, v. CHARLES E. BURCHELL, Respondent.

Riggins, Rossi & Streblow for Appellant.

Palmer & York for Respondent.

ADAMS, P. J.—Appellant, who is the half sister of Joseph Jewel Mealy, deceased, appeals from two orders of the probate court, the one granting letters of administration with the will annexed in the estate of said decedent, to the public administrator, and the other denying a petition filed by appellant to be appointed administrator.

Decedent, who died November 26, 1947, left two holographic wills, both dated January 30, 1947, one of which was found in his safe deposit box and the other in his wallet. They are approximately the same, and may be considered as one document, reading:

"January 30th 1947

"Will and Testament of Joseph J. Mealy

"I being in sound mind give that I possess to the Peoples Daily World of San Francisco Calif and nominate them executer of this Will and Testement. My half sister Marilla Mello take nothing from this Will and Testement.

"Joseph J. Mealy"

Appellant in the petition filed by her alleged that decedent left no will except the aforesaid documents, which she asserted purported to leave the estate to a corporation or association not competent to take or to act as executor; that therefore decedent died without leaving a will, and that she, as sole surviving heir of said decedent, was entitled to letters of administration.

The public administrator appeared in opposition to said petition, and filed his own petition for appointment as administrator with the will annexed, filing therewith the two wills and asking for probate of same.

The court denied appellant's petition, granted that of the public administrator, admitted the wills to probate and found that The Peoples Daily World is a newspaper printed by the Pacific Publishing Foundation, Incorporated, a corporation,

and that the said corporation is the sole legatee and devisee of decedent. No contest of the wills was instituted.

Appellant's contentions are that the gift to the newspaper is void; but that, in any event, if the gift to it is sustainable at all, it constitutes a gift to charity and only one-third of the estate can go to such charity, and two-thirds must be held to descend to her, as heir; and as such heir she is entitled to letters of administration with the will annexed.

Respondent contends that the Pacific Publishing Foundation, Incorporated, is entitled to take the entire estate under the terms of the will; that regardless of the fact that said will designated the Peoples Daily World as the legatee the court was entitled, under section 105 of the Probate Code, to take testimony relative to the identity of the legatee, which it did, and that such testimony is ample to support the finding that the bequest was to the corporation as publisher of the publication named; also that the corporation named was authorized by law to take bequests under section 27 of the Probate Code, it being a corporation organized for literary purposes, and not a charitable or benevolent society or corporation.

Appellant does not contend, on this appeal, that the trial court erred in its determination that the bequest was to the publishing corporation; and that the court was empowered to make such a determination is supported by ample authority. (See *Estate of Brehm*, 116 Cal.App. 206, 208 [2 P.2d 402]; *In re Gibson*, 75 Cal. 329, 331 [17 P. 438]; *Estate of Dol*, 182 Cal. 159, 167 [187 P. 428]; *Estate of Steinman*, 35 Cal. App.2d 95, 101 [94 P.2d 821].)

The evidence shows that the Pacific Publishing Foundation, Incorporated, is a nonprofit corporation whose articles of incorporation provide that its purpose is "To disseminate and distribute information and educational material in the form of books, tracts, pamphlets, newspapers, periodicals, or other printed or written material . . .," and they further recite ". . . this corporation shall at all times be operated and conducted only for educational and other non-profit purposes, and the organization of this corporation and its activities shall at no time result in financial or pecuniary gain or profit to the members thereof or to any other person."

Under section 27 of the Probate Code testamentary disposition may be made to corporations formed for religious, scientific, literary, or solely educational purposes. Section 802 of

the Corporations Code provides that corporations may take real and personal property by will, gift or bequest (see *Estate of Dol, supra,* at p. 167) ; and section 9501 provides that every nonprofit corporation may receive property by devise or bequest, subject to the laws regulating the transfer of property by will.

Appellant does not argue that the evidence shows that the purposes of the corporation are other than thus stated, but she does urge that the gift to the Peoples Daily World should be held invalid as against public policy; that 60 copies of that publication, which she introduced in evidence, indicate that it is concerned with the interests of a foreign power as opposed to those of the United States; and she refers to excerpts from articles therein opposing loans or the furnishing of military aid to Greece, expressing sympathy with Russia and the campaign of Wallace for president, as well as articles by ''William Z. Foster, National Chairman of the Communist Party,'' announcements of Communist meetings, and eulogies of persons with known Communist connections. She cites such authorities as 2 Restatement of the Law on Trusts, page 1168, to the effect that ''A trust for a purpose, the accomplishment of which is contrary to public policy, although not forbidden by law is invalid.'' Also 10 American Jurisprudence, section 67, page 633, to the effect that ''A trust is invalid and unenforceable, however, where its purpose is the distribution of writings, the general tendency of which is hostile to religion, to law, or to morals.''

Respondent replies by asserting that no trust is involved here; that the bequest is not to the corporation in trust. If we were to assume, though we do not decide, that the principles applicable to trusts are applicable to this devise, we could not say that the purposes for which it was made and for which it may be used are necessarily ''hostile to religion, to law, or to morals,'' or that they are contrary to public policy. It has not been shown that the purpose of the publishing company is to overthrow the government of the United States by force or violence, and much as one may disagree with its beliefs or teachings, the fact remains that its operations have not been interdicted by law. The evidence shows that the Peoples Daily World is sent through the United States mails, and is sold openly upon the streets of San Francisco.

The trial court found: ''The evidence adduced at the time of the hearing of the applications for Letters of Administration with the Will Annexed is insufficient to support a finding

that the devise is invalid in that its purpose was to support the distribution of writings or other activities hostile to religion, to law, or to morals nor was the devise made for the destruction or overthrow of our government. The evidence adduced is insufficient to hold the devise invalid because of public policy. If the Peoples Daily World is a newspaper engaged in the activities suggested in one of the memorandums filed with the court such fact must be established by competent and sufficient evidence.''

In *In re Hartman*, 182 Cal. 447, 449 [188 P. 548], the court said: ''Nothing would seem to be more certain than that the inhabitants of the United States have both individually and collectively the right to advocate peaceable changes in our constitution, laws, or form of government, although such changes may be based upon theories or principles of government antagonistic to those which now serve as their basis.''

This court, in *In re Campbell*, 64 Cal.App. 300, 306 [221 P. 952], quoted with approval the above quoted language from the Hartman case.

In both cases the petitioners were discharged from convictions for violating local ordinances which were framed to prevent the publication or circulation of printed matter bearing some resemblance to that printed in the Peoples Daily World.

Appellant's second point urged here is that at any event not more than one-third of the estate can go to the publishing company, citing section 41 of the Probate Code. Respondent in reply cites section 43 of said code which makes section 41 inapplicable where a will is executed six months or more before the death of a testator ''who leaves no spouse, child, grandchild or parent.'' He points out that the wills in this case were executed some nine months prior to testator's death, and that appellant, as half sister of decedent, is not mentioned in section 43, and that, therefore, appellant would not be entitled to inherit any part of the estate. It is conceded by appellant that section 41, as enacted in 1931, did not include a sister as one entitled to inherit; but she urges that, by its amendment in 1937 to include a sister, section 43 must, perforce, be assumed to have been likewise amended or impliedly repealed so as to include a sister. No authority is cited for this contention, and we cannot assume that by amending section 41 the Legislature intended to effect a like amendment to section 43. Decisions to the contrary are *Estate of Yule*, 57 Cal.App.2d 652, 655 [135 P.2d 386], and *Estate*

*of Cottrill*, 65 Cal.App.2d 222, 228 [150 P.2d 214] (hearing in Supreme Court denied).

The orders appealed from are affirmed.

Peek, J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 16, 1949.