[Civ. No. 7617.   Third Dist.   Aug. 22, 1949.]

Estate of WILLIAM HENRY PFUND, Deceased. CAPITAL LODGE NO. 87 OF THE INDEPENDENT ORDER OF ODD FELLOWS, Appellant, v. EDWINA VIRGINIA PFUND et al., as Executors, etc., Respondents.

Busick & Busick for Appellant.

White & Harber and Lawrence A. Schei for Respondents.

PEEK, J.—This is an appeal upon the judgment roll alone from that portion of the decree of distribution declaring void a bequest of $1,000 upon the grounds that the legatee was not a cemetery authority within the meaning of chapter 4, articles 2 and 4, division 8, part 3 of the Health and Safety Code; that the trust attempted to be created was not a charitable use and is void in that it purports to create a perpetuity in violation of section 9, article XX of the Constitution of this state.

The particular provision of the will provided as follows:

"To CAPITAL LODGE NO. 87 OF THE INDEPENDENT ORDER OF ODD FELLOWS, Sacramento, California, I give and bequeath the sum of One Thousand Dollars ($1,000.00), but in trust, nevertheless, for the following uses and purposes:

To supply and erect a headstone or marker for myself and wife (if she chooses to be buried beside me) on my cemetery lot in the City Cemetery of Sacramento City, said marker to be similar to and uniform with the four markers already in place and which cost Seventy Five Dollars (75.00) a piece, and to be of Barrie Vermont Granite which is now handled in Sacramento by Carlaw Bros. The income from the balance of said One Thousand Dollars ($1,000.00) after deducting the expenditure aforesaid shall be used by said Trustee for the perpetual care and upkeep of my said cemetery lot in said cemetery."

Appellant's contentions are (1) that the evidence is insufficient to sustain the findings, (2) that the trust is authorized by section 8738 of the Health and Safety Code and (3) that as no evidence was introduced to show that said lodge is not a charitable institution or a cemetery association within the meaning of the applicable provisions of said code, the judgment is not supported by the evidence.

It is readily apparent that the bequest to the appellant fraternal order specifically providing for "perpetual care and upkeep" of the testator's cemetery lot must be held to be void since "no perpetuities shall be allowed . . ." (Const., art. XX, § 9) unless it can be said (and it is our conclusion that it cannot) that such bequest comes within the stated exception in the concluding portion of said constitutional provision as being for "eleemosynary purposes," which term has consistently been held to be synonymous with the word "charitable." (*Estate of Wirt,* 207 Cal. 106 [277 P. 118]; *Collier* v. *Lindley,* 203 Cal. 641 [266 P. 526].) Necessarily the constitutional provision is broad in scope since the question of what is a charitable use can only be answered by recourse to present day conditions generally. It is obvious that the very nature of the subject matter precludes the adoption of any formula or standard for its determination. (*People* v. *Cogswell,* 113 Cal. 129 [45 P. 270, 35 L.R.A. 269].)

Assuming then for the purposes of this discussion, but not so deciding, that the appellant was competent to receive *a* charitable bequest, that is not to say, as appellant contends,

that it was therefore competent to receive *the* particular bequest here in issue.

However, it may be said generally that a trust for the promotion of purposes which are of a character sufficiently beneficial to the community in general does not violate the constitutional prohibition against perpetuities. Stated otherwise, if the persons who are to benefit are not of a sufficiently large or indefinite class so that the community is interested in the enforcement of the trust, it is not charitable. (See Rest. Trusts, § 375; 4 A.L.R. 1124.)

Without question it was this factor which the reviewing court had in mind in *Fay* v. *Howe,* 136 Cal. 599, 601 [69 P. 423], where, in passing upon the validity of a bequest, the income of which was to be used for the aid of needy persons born in a certain city, the court stated: ''In the case of a private trust there must be certainty as to the beneficiaries, but in charitable trusts individuals are not named, for the reason that, if named, the gift becomes a donation to individuals, and, losing the character of indefiniteness as to persons,— which is of the essence of a charitable trust,—it is no longer a charitable trust. Inherent in every charitable trust is the . . . indefiniteness of the beneficiaries.'' (See, also, *Collier* v. *Lindley, supra.*)

The general rule above noted is well illustrated by a case very similar to the present, *Estate of Gay,* 138 Cal. 552 [71 P. 707, 94 Am.St.Rep. 70], where it was held that an attempted bequest, the income of which was to be used for the perpetual care of decedent's grave, did not establish a charitable use and was void as creating a perpetuity in violation of said constitutional provision. The court in so holding stated such a bequest was purely private and personal and in no way did the perpetual care of the testator's grave benefit the public generally.

Counsel for appellant further argues that under the provisions of the Health and Safety Code, particularly section 8737 thereof, it is specifically provided that any person may make a valid bequest to a designated individual for the purposes set forth in the specified paragraph of the will here in question, and that such contribution will not be invalid as violating the rule against perpetuities. However, it should be noted that the section upon which appellant mainly relies (8737) falls within division 8 (cemeteries), part 3 (private cemeteries), chapter 5 (perpetual and special care) article II, specifically relating to ''Care of Active Cemeteries,'' and

that the only agency named in any of the sections in said division 8 of said code which may receive a bequest for such purpose is the "cemetery authority" provided for in said sections or its directors or trustees appointed by the said authority (§ 8725) and that the statutory provision giving to said authority the right to take funds (§ 8730) as well as the provision that such a bequest or other contribution shall not be invalid as violating any law against perpetuities (§ 8737), relates solely to the perpetual care fund established in accordance with the said provisions by such cemetery authority. Also that the provisions relative to the right of said authority to accept funds by way of proportionate contributions of the various plot owners and the fund resulting therefrom must be used in the particular cemetery which the authority is operating and in which the plot is located.

Furthermore since it is admitted by appellant that the Sacramento City Cemetery, wherein testator's plot is located, is a public cemetery, and since by section 8250 "Any public cemetery" is specifically excluded from the provisions of said part 3 relating to "Private Cemeteries," which are the only cemeteries authorized to accept and establish perpetual care funds, it would seem to follow that by reason thereof appellant's argument concerning the applicability of said section 8737 is not well founded.

Additionally, the record before us shows that respondents' petition for distribution specifically alleged that appellant was not a cemetery authority within the meaning of the provisions of said Health and Safety Code. However, the objections of appellant to said petition are merely that it has accepted the trust; that it has ordered the prescribed headstones; that there is no uncertainty in the subject matter of the trust; that the intention of the testator is definite and certain, and that the trust does not violate the rule against perpetuities. Thus it is apparent that the allegation in the petition that appellant is not a cemetery authority is not controverted nor is it affirmatively alleged that it is a cemetery authority, hence said allegation must be accepted as true, and therefore the finding of the probate court that appellant was not a cemetery authority within the meaning of said applicable sections was proper and should be sustained.

The order is affirmed.

Adams, P. J., and Thompson, J., concurred.